SMITH, RESPONDENT, *v.* BILLINGS SUGAR CO., APPELLANT.

(No. 2,514.)

(Submitted March 17, 1908.    Decided March 28, 1908.)

[94 Pac. 839.]

*Contracts—Action for Breach—Complaint—Insufficiency.*

Contract—Action for Breach—Grounds of Action.

1.  Where plaintiff had agreed to plant a certain number of acres of his land in beets, to be grown, harvested and delivered under the supervision of defendant sugar company's agents, and defendant had advised plaintiff to wait for experienced laborers whom defendant would furnish for the work, and not to employ inexperienced men, and plaintiff waited, there could be no recovery for a partial failure of the crop on the ground of defendant's default in negligently causing delay in plaintiff's obtaining laborers, where it did not appear that plaintiff could have procured other laborers who could have done his work, or that he would have suffered less if defendant's advice had not been given, and where it was not claimed that any damage resulted from the giving of such advice or plaintiff's acting upon it.

Same.

2.  The gravamen of the complaint in the above action having been that the diminished yield was occasioned by the failure of the defendant company to furnish experienced laborers in time for cultivating the crop, and had refused to properly instruct them after they were furnished as it had agreed to do, a judgment could not be recovered upon the theory of the case entertained by the court, that defendant misinstructed plaintiff as to the growing of the crop.

Same.

3.  Under the agreement above referred to, it was plaintiff's duty to furnish laborers in time to do the work; and hence he could not recover damages based upon defendant's alleged failure to furnish such laborers in proper time, and to properly instruct them after they were furnished, since it was impossible to say what portion of the damages

resulted from the fault of defendant, and what from the fault of plaintiff himself.

Same—Pleadings—Complaint—Insufficiency.

4. Plaintiff's mere allegation that defendant company's agents failed to properly instruct the laborers .in thinning, hoeing anl bunching the beets was insufficient to show defendant to have been in the wrong; since defendant's agents may have given what they deemed to be proper instructions, and, if they exercised their best judgment, they could not be held to account by reason of an honest mistake in judgment.

Same—Construction—Intention of Parties.

5. Plaintiff, in the action referred to above, agreed with a third person that the latter should furnish laborers to do the particular work of bunching, thinning and hoeing the beets. The latter agreement specified minutely just when and how the work should be done, and what kind of tools should be used, thus showing that plaintiff fully understood what was required of laborers engaged in such work. *Held,* in an action for breach of the contract, that the parties never contemplated that defendant should send its agents into plaintiff's field to instruct the laborers how to bunch, thin and hoe the beets.

(Smith, J., Dissenting.)

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

Action by N. B. Smith against the Billings Sugar Company. From a judgment for plaintiff, defendant appeals. Reversed.

*Mr. O. F. Goddard,* and *Mr. M. S. Gunn,* for Appellant.

The law requires that a complaint should furnish a criterion or basis for the determination of damages. Where the complaint alleges a breach of a contract, but does not furnish any basis for determining the amount of damages resulting therefrom, nominal damages only can be recovered. (*Carron* v. *Clark,* 14 Mont. 301, 36 Pac. 178;. 13 Cyc. 173; *Weissinger* v. *Mansur etc. Implement Co.,* 75 Miss. 64, 21 South. 757; *Carson* v. *Texas Installment Co.* (Tex. Civ. App.), 34 S. W. 762.) Where the evidence furnishes no basis for a determination of damages, only nominal damages can be recovered. (13 Cyc. 214; *Watson* v. *Colusa etc. Co.,* 31 Mont. 513, 79 Pac. 14; *Knowles* v. *Leggett,* 7 Colo. App. 265, 43 Pac. 154; *McAninch* v. *Hamilton,* 1 Ind. App. 429, 27 N. E. 719; *Wittenburg* v. *Mollyneaux,* 55 Neb. 429, 75 N. W. 835; *Hubbard* v. *Minneapolis,* 47 Minn. 393, 50 N. W. 349; *Hancock* v. *Hubbell,* 71 Cal. 537, 12 Pac.

618; *South African Reduction Co.* v. *Peck,* 120 Fed. 88, 56
C. C. A. 494; *Mergenthaler* v. *Printing Co.,* 61 Kan. 860, 59
Pac. 1066.)

*Mr. Harry A. Groves,* for Respondent.

That construction which sustains and vitalizes an agreement.
should be preferred to that which strikes down and paralyzes it.
(*United States Fidelity Co.* v. *Board of Commrs.,* 145 Fed. 144.)
Every provision of the instrument should be given its ordinary
meaning and effect, if possible, and no part should perish by
construction. The practical interpretation of the contract by
the parties, while they are engaged in its performance and be-
fore any controversy concerning it has arisen, is one of the
most satisfactory tests of its meaning, and courts may gen-
erally adopt that construction with safety. (*Uinta Tunnel Co.*
v. *Ajax Gold Min. Co.,* 141 Fed. 563; *Manhattan Life Ins. Co.*
v. *Wright,* 126 Fed. 82, 61 C. C. A. 138; *Schindler* v. *Green*
(Cal. App.), 82 Pac. 631.) The theory of implied covenants.
is well illustrated by the case of *Lawler* v. *Murphy,* 58 Conn.
294, 20 Atl. 457, 8 L. R. A. 113; see, also, *McCartney* v. *Glass-
ford,* 1 Wash. 579, 20 Pac. 423; *Wildman Mfg. Co.* v. *Adams'
Top Cutting Machine Co.,* 149 Fed. 201; *Norfolk & N. B. Hosiery
Co.* v. *Arnold,* 64 N. J. L. 254, 45 Atl. 608; *Miller* v. *Board of
Commrs.,* 17 Colo. App. 120, 67 Pac. 347; *Schindler* v. *Green*
(Cal. App.), 82 Pac. 631; *Rioux* v. *Ryegate Brick Co.,* 72 Vt.
148, 47 Atl. 406.

The case was tried upon the theory that the pleadings were
sufficient. Counsel having assumed this position during the.
trial cannot now be permitted to change. (*City of Helena* v.
*Brule,* 15 Mont. 429, 39 Pac. 456, 832; *Durfee* v. *Harper,* 22.
Mont. 354, 56 Pac. 582; *Finch* v. *Kent,* 24 Mont. 268, 61 Pac..
653; *Talbott* v. *Butte City Water Co.,* 29 Mont. 17, 73 Pac..
1111; *Flannery* v. *Campbell,* 30 Mont. 172, 75 Pac. 1109;.
*Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145; *Van Vranken.*
v. *Granite County,* 35 Mont. 427, 90 Pac. 164.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for the breach of a contract. The complaint alleges in paragraph 1 the corporate existence of the defendant company; in paragraph 2, that the beet growers in the vicinity of the factory at Billings had not had any experience in growing sugar beets prior to 1906; in paragraph 3, that in July, 1905, a contract in writing was entered into between the company and this plaintiff, the only material portions of which contract are that plaintiff should plant a certain amount of land to beets during each year for five years, that the beets should be planted, grown, harvested and delivered under the instructions and under the general supervision of agents of the company. In paragraph 4 it is alleged that during the season of 1906 the plaintiff planted the required acreage in beets, and that he "otherwise fully kept and performed the conditions in said contract contained on his part to be kept and performed." In paragraph 5 it is alleged that during 1906 there were not any laborers in Yellowstone county experienced in bunching, thinning, or hoeing sugar beets, except such as were imported by the company. It is then alleged: "In compliance with the provisions of said contract, the defendant company, by its agents and servants, instructed the plaintiff not to employ any labor which had had no experience in the bunching, thinning, or hoeing of sugar beets, but to wait and accept the experienced laborers imported by the defendant company; that said defendant company, by its agents and servants, represented to plaintiff that such laborers would be supplied him in sufficient numbers and in ample time to properly bunch, thin and hoe his said sugar beets, and the plaintiff relied upon such representations of the defendant company and so waited." In paragraph 6 it is alleged that the company negligently failed to supply such laborers until about June 20th, whereas they should have been supplied about May 15th, and that plaintiff did not know such laborers had not been supplied in time until it was too late. In paragraph 7 it is

alleged that the laborers actually furnished by the company were inexperienced; and that, although demand was made upon the company to *properly* instruct them, it failed and refused to do so. In paragraph 8 it is alleged that for the season of 1906 plaintiff's land only yielded a small fraction over eighty-six tons of sugar beets, for which he received $257.03. The only other paragraph of the complaint reads as follows: "(9) That, had the defendant company, its agents and servants supplied said laborers at the time they should have been supplied and had properly instructed them in the bunching, thinning and hoeing of said beets, said land during the year 1906 would have produced 360 tons of beets in good condition of eighty per cent purity containing fifteen per cent or more sugar, for which the plaintiff would have received $1,626.05, pursuant to said contract." The prayer is for $1,369.02, the difference between what plaintiff actually received for his beets and the amount which he claims in paragraph 9 above he ought to have received.

To this complaint there was interposed a general demurrer, which was overruled. An answer was filed which admits the allegations of paragraphs 1, 3, and 8, and denies all the other allegations of the complaint. Some matters in affirmative defense were also set forth. The cause was tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff for $788.98, and judgment was rendered and entered thereon, from which judgment and an order denying it a new trial the defendant appeals.

The principal contention made in this court is that the pleadings do not support the judgment. The following instructions, given to the jury, will fairly indicate the theory of the case entertained by the trial court: "(2) You are instructed that if the defendant company misinstructed the plaintiff in growing the said beets, and that the plaintiff relied upon such instructions and followed the same, and you further find that the plaintiff's diminished yield of beets, if such was the fact, was due

to such instructions, then your verdict must be for the plaintiff."

Among other things, the court in instruction No. 5 said: "There was no obligation on the part of the defendant to furnish laborers to cultivate, bunch, thin or hoe the beets of the plaintiff." If the pleadings justify this theory, the judgment and order should be affirmed. If they do not, then there must be a reversal.

There cannot be any question but what under the terms of the written contract of July, 1905, the company was not under any obligation to furnish laborers for plaintiff to cultivate, bunch, thin or hoe the beets planted by him. This leaves but a single question for solution, viz.: What particular term or terms of the contract of July, 1905, did the company breach, and thereby cause the plaintiff to suffer the damage of which he complains? It is said by counsel for plaintiff that the company violated those terms of the contract, which provide that the plaintiff's crop should be planted, grown, harvested and delivered according to the instructions and under the general supervision of the agents of the company. It is said that this imposed upon the company an obligation to give proper instructions relating to, and exercise proper supervision over, the planting, growing, harvesting and delivering of plaintiff's crop. Whether this is the correct interpretation of those terms, or whether they merely gave to the company the option to give such instructions and exercise such supervision, is not of very much consequence on this appeal. For the purpose of this appeal we may assume, without deciding, that plaintiff's interpretation is correct.

There is not any complaint made of any failure on the part of the company to exercise proper supervision as such. Instruction No. 2, quoted above, discloses the only complaint upon which a verdict for plaintiff could rest, and that is that the company misinstructed the plaintiff as to the growing of the crop of beets, and, by reason of such misinstructions, the plaintiff was damaged. What are the misinstructions mentioned in

the complaint, and what damages are predicated upon the same? In the brief of respondent· it is said that the complaint alleges two particulars in which the company was in default: "(1) Negligently causing delay in respondent obtaining laborers. (2) Failing to instruct such laborers after respondent had re-quested them so to do." These, then, form the respondent's contentions in this court. But we think the first of these has no existence in fact in the record. We are unable, by any analy-sis we can make of the complaint, to discover this first conten-tion. It is true the complaint alleges that the company advised the plaintiff to wait for the experienced laborers which the com-pany would furnish; but there is not any suggestion in the complaint that plaintiff could have procured other laborers who could have done his work if this advice had not been given. On the contrary, the complaint does allege that there were not any experienced laborers in Yellowstone county, except such as were imported by the company. There is not any allegation that plaintiff would have suffered less than he did if the company had not given him the advice. Neither is there any claim that any damage resulted from the giving of such advice, or plain-tiff's acting upon it. The only contention made by the com-plaint is that the diminished yield was occasioned by the failure of the company to furnish the laborers in time, and its refusal to properly instruct them when furnished.

We have searched the complaint in vain for any allegation that the company misinstructed the plaintiff in any particular. Of course, the word "misinstruct," as understood and used by the learned judge of the trial court, means to instruct amiss, to give wrong or improper instructions. (Webster's Inter-national Dictionary.) Now, wherein does the complaint allege that the company instructed the plaintiff amiss or gave him wrong or improper instructions? It is alleged in the complaint, as set forth above, that the company instructed the plaintiff not to employ inexperienced labor to do his work; but there is not any semblance of an allegation that this was improper. It is also alleged that the company in effect said to the plaintiff:

"Wait, and we will furnish experienced laborers in sufficient numbers and in ample time to do your work"—and that plaintiff relied upon such representations and waited. The only representations which it is claimed that the company made, and upon which the plaintiff relied, were that it would furnish sufficient experienced laborers in proper time to do the plaintiff's work. Then it is alleged that the company negligently failed to supply such laborers until about June 20th, whereas they should have been furnished about May 15th; that, when furnished, it was too late to remedy the injury done; that the laborers actually furnished by the company in June were inexperienced; and that, when demand was made upon it to properly instruct such laborers, the company failed and refused to do so. There is not any contention made that these representations, made by the company and upon which the plaintiff relied, were false or wrongful. There is not any allegation that they were made fraudulently or for the purpose of deceiving the plaintiff. For aught that appears from the complaint, they were made in the utmost good faith, and with the intention on the part of the company to fully carry them into effect.

The gravamen of the complaint is that the company negligently failed to keep its promise, in that (a) it did not furnish experienced laborers in time, and (b) it did not properly instruct the laborers actually furnished. That this was the understanding of the complaint entertained by the plaintiff himself is manifest from the fact that his only claim for damages is based upon the failure of the company in these two particulars; for there is not any claim made that damages resulted from any act or thing done or omitted, except as set forth in paragraph 9, quoted above. Does either of the acts of omission stated above, or do both when considered together, furnish plaintiff a ground for his claim for damages? Consideration of the first of these acts of omission was entirely withdrawn from the jury, and properly so, by the instruction last quoted above. The jury, then, must of necessity have based the verdict upon the failure of the company to properly instruct the

laborers "in bunching, thinning and hoeing" the beets. And this is conclusive of this appeal, even assuming (which we do not) that the company, under the contract of July, 1905, owed the duty to plaintiff to instruct the men. The duty to furnish the laborers in proper time devolved upon the plaintiff himself; and, since the complaint alleges that the damages resulted from the failure to furnish the laborers in proper time, coupled with the company's failure to properly instruct them, it is impossible to say what, if any, portion of the damages resulted from the fault of the company, and what portion from the fault of the plaintiff himself.

It is to be observed, too, that complaint is not made of the failure of the company to instruct plaintiff's laborers, but only of its failure to *properly* instruct them. It is elementary that, in order to maintain an action, the complaint must set forth facts which, if true, put the defendant in the wrong. For aught that appears from this complaint, the agents of the company may have given what they deemed to be proper instructions, but which, in fact, were improper; but, if they exercised their best judgment, they cannot be held to account by reason of an honest mistake of judgment. They might be held for such gross ignorance as would amount to fraud, but there is not any allegation touching this phase of the case at all. But, even assuming the interpretation of the contract of July, 1905, for which plaintiff contends, still we do not think that the terms used can be construed to impose upon the company the duty to maintain a school for the instruction of field laborers. The instructions and supervision for which provision is made in the contract clearly relate to instructions to be given to plaintiff himself and supervision to be exercised over him. This must be so; for, as between plaintiff's employees and the defendant company, the relation of master and servant did not exist. That it is was never contemplated by the parties to the contract of July, 1905, that the company should send its agents into plaintiff's field to instruct the laborers how to bunch, thin and hoe the beets is established to our satisfaction beyond con-

troversy. It is alleged in the answer, and admitted in the reply, that in December, 1905, this plaintiff entered into a contract with one F. W. Rempfer, by the terms of which Rempfer was to furnish the laborers to do this particular work of bunching, thinning and hoeing plaintiff's beets during the year 1906. That contract, which is set forth at length, discloses that plaintiff himself fully understood what was required of the laborers engaged in this particular work, for the contract specifies in the minutest detail just when and how the work should be done and what kind of tools should be used.

There is not any attempt made in the complaint to state a cause of action for the breach of the oral agreement, which it is alleged the company made to furnish laborers to do the plaintiff's work, even assuming that a cause of action could be predicated thereon.

We do not think the complaint states a cause of action, and therefore it will not support the judgment. Whether it can be amended to state a cause of action we need not decide. That question can only arise in case an amendment is offered.

The judgment and order are reversed, and the cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: The respondent's counsel in his brief says this: "The court will at once perceive that the respondent was going upon the theory that the defendant company failed to use reasonable care and diligence in the supervision of the execution of the said contract, and in this respect he has alleged two particulars in which said defendant company was so in default: (1) Negligently causing delay in respondent obtaining laborers. (2) Failing to instruct such laborers after respondent had requested them to do so." I do not agree that this theory of the case is correct, and I think the record shows that the district court did not have any such theory in mind.

In my opinion, the complaint states a cause of action for negligently misdirecting the respondent as to when the beets should be bunched, thinned and hoed; and I think the matter of the employment of labor is simply incidental to this misdirection, as fixing the time at which the appellant directed the respondent to begin work. As I read the record, the district court tried the case and properly instructed the jury upon this theory. I think the judgment and order should be affirmed.