# PETERSEN v. CACHE COUNTY DRAINAGE DIST. No. 5.

No. 4953.   Decided December 12, 1930.   (294 P. 289.)

*Young & Bullen,* of Logan, for appellant.

*Leon Fonnesbeck* and *L. E. Nelson,* both of Logan, and *Lewis Jones,* of Brigham City, for respondent.

ELIAS HANSEN, J.

The plaintiff secured a judgment against the defendant for the sum of $2,510. Of the judgment so secured, $1,800 is based upon the finding of the jury impaneled that plaintiff's premises were damaged in that amount on account of the defendant constructing a drainage canal near and running parallel with the east boundary of plaintiff's land. The sum of $350 of the judgment is for injury to the crops grown on plaintiff's land during the year 1926. The sum of $360 of the judgment is for injury to the crops grown upon plaintiff's land during the year 1927. The amount

awarded by the jury to the plaintiff as damages to his crops is founded upon the alleged injury to plaintiff's crops occasisoned by the defendant destroying and failing to properly reconstruct an irrigation ditch which plaintiff used to convey water to his land, thus rendering it impossible for the plaintiff to secure sufficient water to irrigate his premises during the irrigation seasons of 1926 and 1927. The defendant appeals.

The plaintiff has filed in this court a motion to dismiss the appeal upon the ground and for the reasons as stated in the motion that:

"In its assignments of error appellant has failed to make reference to the pages in the transcript or in the abstract where the rulings and exceptions pertaining thereto appear as required by Rule 26 of this court" and "that plaintiff has violated Rule 6 of this court in failing to refer to the page number in the transcript on the margin of the abstract."

At the time of the oral argument, counsel for appellant asked and were granted leave to amend the record to comply with the objections urged by respondent. The amendments have been made. Under the circumstances, the motion to dismiss the appeal should be, and the same is, denied.

Plaintiff's complaint contains three causes of action. The first cause of action is for damages to plaintiff's premises caused by the alleged negligent construction of a drainage canal by the defendant. The second cause of action is for damages to the crops grown upon plaintiff's land during the year 1926. The third cause of action is for damages to the crops grown on plaintiff's land during the year 1927.

The plaintiff alleged in his complaint, and at the trial introduced testimony which tended to show, that his premises were damaged by the construction of the drainage canal in three particulars: (1) That before the drainage canal was constructed his premises could be subirrigated by the application of a reasonable amount of water, but that the construction of the drainage canal so lowered the water

table in his land and so drained the water therefrom that subirrigation is no longer practicable; that plaintiff's land produced good crops when subirrigated, but is comparatively unproductive when irrigated by flooding; (2) that the drainage canal was constructed so near to plaintiff's land that water applied upon the land near the drain is drained into the canal and conveyed away, and (3) that before the drainage canal was constructed, plaintiff was supplied with culinary water from a well located on his premises, but that, after the drainage canal was constructed, the water from the canal seeped into the well and rendered the water in the well unfit for culinary uses.

The premises which plaintiff claims were damaged by the construction of defendant's drainage canal consist of forty acres situated in section 2, Tp. 14 N., R. —— W. Salt Lake meridian, in Cache county, Utah. During the year 1925 defendant enlarged and deepened some of its drainage canals which had theretofore been constructed, and constructed other and additional drainage canals for the purpose of more effectively draining the lands within the drainage district. The drainage canal which plaintiff claims caused the damage complained of extends from the east to near the southeast corner of plaintiff's land, thence north, parallel with the east boundary of plaintiff's premises, thence northwest to Bear river. The drainage canal is within a few feet of plaintiff's land along the entire course thereof, but no part of the canal is constructed on plaintiff's premises. The plaintiff's land is not within the defendant drainage district. The land adjoining and to the east of plaintiff's land is within the defendant drainage district. The drainage canal serves several hundred acres of land lying to the east and southeast of plaintiff's land. It is an open drain and is from five to eight or ten feet deep throughout that part of its course which extends near and parallel with the east boundary of plaintiff's land.

The appellant contends that the respondent has no right whatsoever in or to the water which is carried away by

appellant's drainage canal, and that therefore respondent may not be heard to complain because such water is so carried away. In support of such contention reliance is had upon the common-law rule sometimes referred to as the English rule which holds that water percolating through the soil without any definite channel is a part of the soil, and the owner of the soil through which the water percolates has an absolute right, in the absence of malice, to intercept the water before it leaves his premises, regardless of the effect upon a lower proprietor through whose land the water was wont to filtrate and percolate. It is also urged by appellant that a landowner may drain his land when necessary, and if, as a result of such drainage, percolating water is cut off from neighboring land, the owner of the neighboring land may not recover damages for any loss that he may sustain by reason of being deprived of percolating water. In support of such contention, the following cases and authorities are cited: *Southern Pacific R. Co.* v. *Dufour*, 95 Cal. 615, 30 P. 783, 19 L. R. A. 92; *Willow Creek Irr. Co.* v. *Michaelson*, 21 Utah 248, 60 P. 943, 51 L. R. A. 280, 81 Am. St. Rep. 687; *Crescent Mining Co.* v. *Silver King Mining Co.*, 17 Utah 444, 54 P. 244, 70 Am. St. Rep. 810; *Herriman Irr. Co.* v. *Keel*, 25 Utah 96, 69 P. 719; *Public Utilities Comm.* v. *Natatorium Co.*, 36 Idaho 287, 211 P. 533; *Ryan* v. *Quinlan*, 45 Mont. 521, 124 P. 512; *Nampa, etc., Irr. Dist.* v. *Petrie*, 37 Idaho 45, 233 P. 531; *Katz* v. *Walkinshaw*, 141 Cal. 116, 70 P. 663, 74 P. 766, 64 L. R. A. 236, 99 Am. St. Rep. 35; Note in 19 L. R. A. 92; 2 Wiel, Water Rights (3rd Ed.) § 1140; 2 Kinney, Irrigation (2d Ed.) § 1191.

The respondent contends that the common-law rule or English rule relating to percolating waters has been modified in this and various other states of the United States. It is urged on behalf of respondent that the doctrine of reasonable use or the doctrine of correlative rights has been adopted by a great majority of the states in this country, and that this court has adopted such rules. Respondent

cites the following leading cases in support of his position: *Horne* v. *Utah Oil Refining Co.*, 59 Utah 279, 202 P. 815, 31 A. L. R. 883; *Bassett* v. *Salisbury Mfg. Co.*, 43 N. H. 569, 82 Am. Dec. 179; *Sweet* v. *Cutts*, 50 N. H. 439, 9 Am. Rep. 276; *Katz* v. *Walkinshaw*, 141 Cal. 116, 70 P. 663, 74 P. 766, 64 L. R. A. 236, 99 Am. St. Rep. 35; *Forbell* v. *New York City*, 164 N. Y. 522, 58 N. E. 644, 51 L. R. A. 695, 79 Am. St. Rep. 666; *Meeker* v. *City of East Orange*, 77 N. J. Law, 223, 74 A. 379, 25 L. R. A. (N. S.) 465, 134 Am. St. Rep. 798; *Smith* v. *City of Brooklyn*, 160 N. Y. 357, 54 N. E. 787, 45 L. R. A. 664; *City of Emporia* v. *Soden*, 25 Kan. 588, 37 Am. Rep. 265; *Barclay* v. *Abraham*, 121 Iowa, 619, 96 N. W. 1080, 64 L. R. A. 255, 100 Am. St. Rep. 365; *Pence* v. *Carney*, 58 W. Va. 296, 52 S. E. 702, 6 L. R. A. (N. S.) 266, 112 Am. St. Rep. 936; *Erickson* v. *Crookston, etc., Co.*, 100 Minn. 481, 111 N. W. 391, 9 L. R. A. (N. S.) 1250, 10 Ann. Cas. 843; *Schenck* v. *City of Ann Arbor*, 196 Mich. 75, 163 N. W. 109, L. R. A. 1917F, 684, Ann. Cas. 1918E, 267; *Patrick* v. *Smith*, 75 Wash. 407, 134 P. 1076, 48 L. R. A. (N. S.) 740.

The modern tendency in a majority of the states, and particularly in the less humid states of the Union, is away from the doctrine that a proprietor has an absolute right to use the percolating water in his land as he sees fit without regard to the rights of an adjoining landowner. This tendency is reflected in the cases cited by respondent. Some of these cases recognize the rule of reasonable use, others the rule of correlative rights. The difference between the two rules is stated in 2 Kinney, Irrigation (2d Ed.) § 1192, pp. 2161, 2162 as follows:

"Under the rule of reasonable use some of the authorities hold that a land owner has a right to make such a beneficial use of the water found percolating through his land to the extent that may be necessary for the improvement of his land, so long as it is used thereon, although in so doing he may drain the lands of his neighbors. Upon the other hand, the rule of correlative rights to these owners is the rule which abrogates the English rule as to these waters and holds that the rights of all land owners over a common basin, saturated

strata, or underground reservoir, are coequal or correlative, and that one land owner can not extract more than his share of the water even for use on his own lands, where the rights of others are injured thereby."

This court in the case of *Horne* v. *Utah Oil Refining Co.*, supra, has recognized and adopted the rule of correlative rights as applied to the facts in that case. We are unable to perceive, however, wherein the law announced in that case is of any substantial aid in reaching the proper conclusion in this case. Neither the rule of reasonable use nor the rule of correlative rights has any application to percolating water which is the result of the landowner irrigating his land. The rules are limited in their application to such water as percolates through the soil from natural causes. If a landowner conveys water onto his premises by artifical irrigation and thereby causes water to percolate through his land and into adjoining land, the owner of the adjoining land does not acquire a vested right to have the water continue to so percolate through his land. A landowner may irrigate or fail to irrigate his land, and, although by irrigation a benefit is conferred upon an adjoining landowner, such benefit may be withheld at pleasure. Percolating water resulting from the irrigation of one's own land may be recovered and used by the owner before it leaves his land without invading any right of an adjoining landowner. Such is the law as announced by this court in the case of *Garns* v. *Rollins*, 41 Utah 260, 125 P. 867, Ann. Cas. 1915C, 1159. While the evidence in the record before us is somewhat meager as to the source of the percolating water which is collected into and removed by defendant's drainage canal, such evidence as we do have touching that question indicates that such water is the result of the application of irrigation water upon the lands within the defendant drainage district. Assuming, however, that the percolating water which found its way into plaintiff's premises before the drainage canal was constructed came from natural sources, still the defendant is

not liable, in the absence of malice or negligence, merely because the water table in plaintiff's land was lowered because of the construction by the defendant of its drainage canal. Neither the doctrine of reasonable use nor the doctrine of correlative rights can aid the plaintiff in such a case. The proprietors of the lands within the drainage district had a right to improve their lands by draining the same. The plaintiff had no right to have the water table within his premises maintained at a high level at the expense of rendering adjoining land unfit for use. The plaintiff does not here complain because he has an insufficient supply of percolating water to supply his needs, but his complaint is founded upon the claims that the water table in his land was so lowered by the construction of the defendant's drainage canal that he cannot now irrigate his premises by the method of subirrigation as he was wont to do before the drainage canal was constructed. The doctrine of reasonable use and the doctrine of correlative rights to percolating water has not been and should not be extended so as to prevent an adjoining landowner from improving his land by draining the same, even though such drainage may result in a lowering of the water table in adjoining lands. Nor should either of such doctrines be extended to make a landowner liable for damages to an adjoining landowner so long as the drainage is effected without negligence and without malice. The law was so announced by the trial judge in this case in his instructions to the jury. While the respondent in his brief does not concede such to be the law, he does not seem to seriously contend to the contrary. Respondent does, however, earnestly urge that, if a drainage canal is negligently constructed, and as a result of such negligent construction an adjoining landowner is injured by the lowering of the water table within his land, the proprietor who is thus injured is entitled to recover damages from the owner who is responsible for the injury. In his complaint plaintiff alleges that the defendant was negligent in the construction of its drainage canal in two particulars,

namely, that the drainage canal was not rendered impervious to water along its course adjacent to plaintiff's land, and that the drainage canal was located in the wrong place, and, if the most feasible route had been chosen for the drainage canal, it would not have been constructed adjoining plaintiff's land, and his land would not have been injured. No evidence was offered at the trial which showed or tended to show that it was practicable or according to approved methods of constructing drainage canals such as the one in question to render a drainage canal impervious to water along its course where it adjoins plaintiff's premises. Some evidence was offered by the defendant to show the contrary. Upon this record plaintiff was not entitled to go to the jury upon the claimed negligence of the defendant in failing to render its drainage canal impervious to water that might seep from plaintiff's land.

The plaintiff called a civil engineer who testified at some length concerning other routes that could have been taken for the drainage canal. He expressed it as his opinion that two or three other routes for the drainage canal were more feasible than the one which was taken. He further testified that, if either of the other routes had been chosen, plaintiff's premises would not have been damaged. The defendant called the engineer under whose direction the drainage canal in question was constructed. He testified that before the drainage canal was constructed a thorough and careful investigation was made to ascertain the best location for the canal; that Mr. Berkholder, a government engineer, and Lewis and Sloan were called in to assist in the work of locating the drainage canal; that these men are recognized as among the best irrigation engineers of the United States; that after various proposed routes were investigated, the one where the canal was constructed was chosen as the most desirable. The reasons for constructing the drainage canal on the route where it was constructed were explained in detail. At the conclusion of the evidence counsel for defendant requested the court to

instruct the jury to bring in a verdict for the defendant on plaintiff's first cause of action because the evidence failed to show that defendant was negligent in constructing the drainage canal in the wrong place. The request was denied by the court, and such ruling is assigned as error. The trial court submitted to the jury the question of whether or not the defendant was negligent in locating the drainage canal where it was located. Objection and exception was taken to that instruction, and the giving of the same is assigned as error. The question thus presented for determination by these assignments of error is this: Where, as here, the supervisors of a drainage district employed competent engineers to locate a drainage canal, and the engineers so employed, after a careful and thorough investigation, determine upon its loction, and the canal is constructed along the route so selected, may it be said that the district was negligent in the location of such canal merely because in the opinion of another engineer a better route for the drainage canal could have been selected? We are of the opinion that the question must be answered in the negative. The principles of law as to the quantum of evidence necessary to establish negligence announced by this court in the case of *Ward* v. *Salt Lake City,* 46 Utah 616, 151 P. 905, are applicable to the case made on plaintiff's first cause of action. It is often imperative that water-logged agricultural lands be drained, and, so long as such drainage is carried on in a lawful, careful, and prudent manner, no liability attaches because the water table of adjoining land is lowered and the water standing in a surface well is rendered less pure and some of the water from adjoining land seeps into the drain. The defendant was entitled to a directed verdict in its favor as to plaintiff's first cause of action.

The substance of the evidence in support of plaintiff's second cause of action is as follows: During the year 1925 the defendant constructed a drainage canal extending near

and along the entire eastern boundary of the land owned and possessed by the plaintiff. Prior to the construction of the drainage canal plaintiff secured irrigation water with which to irrigate his land through an irrigation ditch which entered his land near the northeast corner thereof. In the construction of the drainage canal plaintiff's irrigation ditch was destroyed where it crossed the course of the drainage canal. After the drainage canal was constructed, plaintiff's irrigation ditch was reconstructed by the defendant. A galvanized iron pipe was laid in the bottom of the canal to permit the drain water to course down the canal. An earthen fill was then made over the galvanized iron pipe, and plaintiff's irrigation ditch was reconstructed on the top of the fill. Plaintiff offered evidence which tended to show that the fill over which his irrigation ditch crossed the drainage canal was constructed of sandy material; that the fill was not wide enough to accommodate plaintiff's irrigation ditch, and, as a result, plaintiff lost considerable water by seepage thereof into the fill and by the irrigation water breaking out at the fill. Plaintiff testified that he informed the supervisors of the defendant district that the fill and the irrigation ditch were not wide enough to care for his irrigation water; that the supervisors promised to remedy the defect, but that they failed to do so; that when he (plaintiff) stated to the supervisors of the defendant that he would widen the fill and enlarge the ditch, they informed him that, if he did so, he would be prosecuted. Plaintiff also introduced evidence which tended to show the amount of crops that were raised on his land before the drainage canal was constructed and the amount of crops that were grown on his premises after the construction of the drainage canal. It is made to appear that during the season of 1926 the plaintiff's land was planted in crops. Sugar beets were planted on fifteen acres and alfalfa was grown on the remaining twenty-five acres. A good stand of sugar beets came up, but only a small crop was harvested. Plaintiff further testified that during a

period of about two months during the season of 1926 two planks were placed in the drainage canal near the northeast corner of plaintiff's premises where the irrigation ditch crossed the drainage canal; that these planks caused the water to back up and stand in the drainage canal along its course east of plaintiff's premises; that about the 1st of July of that year the planks were removed from the drainage canal and the water which had theretofore stood in the drainage canal flowed away; that when the water in the drainage canal flowed away the alfalfa and sugar beets on his land burned up. The evidence further shows without conflict that the white fly did considerable damage to the sugar beets growing on plaintiff's premises during the year 1926. During that year plaintiff harvested between twenty-eight and twenty-nine tons of sugar beets and about twenty tons of alfalfa hay. In the fall of 1926 alfalfa hay had a market value of about $7 per ton. The record is silent as to the market value of sugar beets. No evidence was offered which showed or tended to show the amount of damage caused to plaintiff's crops during the year 1926 because of the loss of irrigation water occasioned by the defective irrigation ditch across the fill in defendant's drainage canal as distinguished from the damage caused by white fly and the construction of the drainage canal. There is evidence which tends to show that the crops grown upon plaintiff's land during the year 1926 were less than the crops usually grown thereon. It is fairly inferable from plaintiff's evidence that three causes brought about the shortage in crops, namely, lowering the water table in plaintiff's land occasioned by the construction of the drainage canal; injury done the sugar beets by the white fly; and the loss of irrigation water occasioned by the faulty construction of plaintiff's irrigation ditch across the fill in the drainage canal.

Much of the testimony upon which plaintiff relies to support his judgment for the damage to his crops for the year 1926 is the testimony of the amount of crops that were

grown on the same land during the years immediately
preceding 1926. Defendant made timely objection
and took exception to the evidence of the kind and
amount of crops that were raised in other years. The ad-
mission of such testimony is assigned as error. Testimony
as to the kind and quality of crops grown on the premises
in question during the other years was properly received
in evidence as tending to show that plaintiff's premises
were adapted to the raising of agricultural crops, parti-
cularly in view of the fact that there was evidence offered
by the defendant which tended to show that plaintiff's land
was not well adapted to the raising of such crops.

At the conclusion of the evidence, counsel for defendant
moved the court for a directed verdict in favor of defendant
on plaintiff's second and third causes of action upon the
ground that there was no evidence in the record which
showed what amount of crops would probably have been
raised on plaintiff's land if the ditch crossing defendant's
drain had not been constructed in the way it was con-
structed, and also upon the further ground that the loss
sustained by plaintiff was caused in part at least by the
pest known as white fly, and that there was no evidence
which showed or tended to show what proportion of the
alleged loss was caused by the white fly and what propor-
tion was caused by the alleged negligent construction of
plaintiff's irrigation ditch. The motion for a directed ver-
dict was denied. Such ruling is assigned as error. Defen-
dant objected and excepted to the court submitting to the
jury the question of the amount of damages that plaintiff
sustained by reason of the loss of irrigation water due to
the manner in which the irrigation ditch was constructed
across the fill in defendant's drainage canal. The giving
of that instruction is assigned as error. The contention is
made for and on behalf of appellant that, where an injury
is brought about by two or more causes and the person
sought to be charged is liable for the injury occasioned by
but one of such causes, the proof must show what portion

of the damage resulted from the cause for which the person sought to be held is responsible. In support of such contention, the following cases are cited: *Smith* v. *Billings Sugar Co.*, 37 Mont. 128, 94 P. 839, 15 L. R. A. (N. S.) 837; *Western Union Tel. Co.* v. *Totten* (C. C. A.) 141 F. 533; *Glasgow, etc., Co.* v. *Bacon* (C. C. A.) 139 F. 541; *Croze* v. *St. Mary's, etc., Co.*, 153 Mich. 363, 117 N. W. 81.

The respondent contends that mathematical accuracy is not required in the proof of damages, especially in actions founded upon tort. In support of such contention, our attention is called to the law as stated in 8 R. C. L. 441, 508; Shearman & Redfield on Negligence, § 739; *Gregory* v. *Slaughter*, 124 Ky. 345, 99 S. W. 247, 8 L. R. A. (N. S.) 1228, 124 Am. St. Rep. 402.

In plaintiff's second and third causes of action the burden was upon him to establish the extent of his injury resulting from the loss of water due to the alleged negligent manner in which the irrigation ditch was constructed across the drainage canal. In the absence of such proof a jury could not legally award plaintiff more than nominal damages. The only evidence offered in support of that burden as to plaintiff's second cause of action is the testimony as to the amount of crops raised upon plaintiff's land during other years; that a large amount of plaintiff's irrigation water was lost because of the defective irrigation ditch across the fill in the drainage canal and the market value of alfalfa hay during the fall of 1926. There is no testimony as to what amount of crops would probably have been grown upon plaintiff's land if he had not been deprived of his irrigation water, nor of the market value of the water which was lost. On the contrary, the plaintiff's testimony is to the effect that he failed to raise a crop because the water table in his land was so lowered that he could not subirrigate the same, and that a crop could not be raised upon his land by the process of irrigation by flooding.

While the law does not require a plaintiff to prove with mathematical accuracy the amount of damages that he has

sustained in a case such as this, a judgment based upon a mere guess cannot be sustained. There must be some evidence which can be said to reasonably support a judgment if the judgment is to be permitted to stand.

The evidence in support of plaintiff's second cause of action is insufficient to support a judgment in the sum of $350 or in any sum other than for nominal damages.

What has been said concerning plaintiff's second cause of action is also applicable to plaintiff's third cause of action.

The judgment appealed from is reversed, and the cause remanded to the district court of Cache county, with directions to grant a new trial. Appellant is awarded its costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.