302 P.2d 948

W. J. THOMPSON and Mable B. Thompson, husband and wife, Plaintiffs-Appellants,

v.

Dean BINGHAM and Mrs. Dean Bingham, husband and wife, Defendants-Respondents.

No. 8417.

Supreme Court of Idaho.

Oct. 23, 1956.

A. A. Merrill, Idaho Falls, for appellants.

O. R. Baum and Ruby Y. Brown, Pocatello, P. M. Condie, Preston, for respondents.

KEETON, Justice.

Plaintiffs and defendants own adjoining land. For more than five years prior to 1953 plaintiffs utilized and used for irrigation purposes certain waters escaping from lands owned by defendants. The water of which plaintiffs claim ownership did not come from any lake, river, creek, spring, natural stream or other established source, but during a part of the year escaped by seepage or overflow from lands owned and irrigated by defendants. This water accumulated in a small gully or ravine and ran from defendants' land onto plaintiffs' land and was there impounded and at times used by plaintiffs to irrigate a small tract of land not exceeding 12 acres.

In their complaint plaintiffs allege that there are 100 miner's inches of seepage water arising on defendants' land which escaped to plaintiffs' land and pray to be decreed the owners of such water.

In an answer and cross-complaint defendants allege that they are the owners and in possession of the water in dispute; that they are and have been using it to irrigate their land; further, that a portion of the seepage or waste water to which plaintiffs claim title, arises on land lying further north and shown by the testimony to belong to one Tanner. This allegation in the cross-complaint is denied by plaintiffs.

On issues joined trial was had and the district judge, supported by competent, substantial evidence, found that there was no specific amount of water running down the gully or draw from defendants' land onto plaintiffs' land, although at certain times, and intermittently, when defendants were irrigating and at times when they were not irrigating their lands, an unknown quantity of water described as flood waters, waste waters, and seepage waters, did escape and plaintiffs, off and on, and at times unknown, utilized such water as did escape from defendants' farm onto plaintiffs' farm.

In 1953 and subsequent years the seepage or other water which at times formerly escaped from defendants' land was impounded on their land and thereafter used by them.

It appears from the testimony that the water in dispute was water to which defendants claimed title because of a water right, and natural precipitation which fell on their land, except a small quantity of water, if any, running down the draw or gully which had its source at times on land owned by one Tanner adjoining defendants' land on the North.

The quantity of water, if any, escaping from the Tanner land was not established. It was described by various witnesses as a small amount and other witnesses testified that such water, except during flood periods or heavy rains, was insufficient in quantity to pass over defendants' land onto plaintiffs' land, and as a usual thing never reached the draw or gully from which plaintiffs claimed the right to appropriate the irrigation water.

Plaintiffs in their complaint did not plead any right to water escaping from the Tanner land and the evidence would not support such a claim had it been pleaded.

It thusly appears that the water plaintiffs are claiming is of undetermined quantity, mostly irrigation water owned by defendants, some rain water which fell on their land, and at times, overflow of flood water.

The court found that the seepage or waste water to which plaintiffs are claiming title was at all times owned by defendants and by proper tilling and leveling methods the water that formerly drained off of their land, by better application of such water, was saved and not wasted, and defendants are now, and at all times pertinent here, have been entitled to the use thereof.

From a judgment in favor of defendants plaintiffs appealed, and in their brief submit that the question for decision is whether plaintiffs can quiet title to water coming from defendants' fields as run-off water, drainage and seepage water, plaintiffs having appropriated it and used it without objection for more than the statutory period of five years; and as a corollary thereto, submit the question as to whether defendants have lost their right to their irrigation

or other water, or part of it, by nonuser. In other words, plaintiffs contend that the water to which defendants are entitled has been abandoned and plaintiffs having appropriated it and having put it to a beneficial use are now the appropriators thereof and defendants have no right thereto.

The quantity of water plaintiffs claim defendants should continue to permit to escape is not established.

It is a rule long recognized that a landowner cannot acquire a prescriptive right to the continued flow of waste or seepage water from the land of another, that is, seepage water or waste water running from one's land to that of another need not be continued and it may be intercepted and taken by such owner at any time and used on the land to which it is appurtenant. Garns v. Rollins, 41 Utah 260, 125 P. 867; Burkart v. Meiberg, 37 Colo. 187, 86 P. 98, 6 L.R.A.,N.S., 1104, 119 Am.St.Rep. 279; Smith Canal or Ditch Co. v. Colorado Ice & Storage Co., 34 Colo. 485, 82 P. 940, 3 L.R.A.,N.S., 1148; Petersen v. Cache County Drainage District No. 5, 77 Utah 256, 294 P. 289. For collection of authorities see Ann.Cas.1915C, 1165.

"No valid appropriation can be made or prescriptive right acquired by gathering surplus water as it flows over the surface from adjoining property upon which it has been spread for irrigation purposes, or by merely accepting and using water when it is allowed to flow into one's ditch by the original owner, who makes exclusive use of it whenever he chooses to do so." 30 Am.Jur. 611, Sec. 19.

The original appropriator may at any time recapture waste water remaining on his land and apply it to a beneficial use. Barker v. Sonner, 135 Or. 75, 294 P. 1053; Sebern v. Moore, 44 Idaho 410, 258 P. 176; Reynolds Irrigation Co. v. Sproat, 70 Idaho 217, 214 P.2d 880.

Hence, as against the original appropriator and owner, an adjoining land owner cannot acquire a prescriptive right to waste or seepage water.

While the decree as entered might be construed as adjudging defendants the owners of water, if any, escaping from Tanner's land, Tanner was not a party to the action, and the decree as entered should not be construed to affect Tanner's right to irrigation water of which he is the owner, or precipitation falling on his land. The judgment thusly construed is affirmed. Costs to respondents.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.