ORIGINAL


**FILED**

09/19/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0314

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0314

DEBRA V. SCHUTTER and SIDNEY J. SCHUTTER,

Claimants and Appellants.

STATE OF MONTANA BOARD OF LAND COMMISSIONERS,

Objector and Appellee.

O R D E R

Attorney General Austin Knudsen (Knudsen) has moved to intervene in this appeal. Claimants/Appellants (Schutters) do not object to the intervention. The State of Montana, Board of Land Commissioners (of which Knudsen is a member) objects to the intervention.

In the case below, the Board of Land Commissioners filed an ownership objection to the Schutters' water right claim. The Board of Land Commissioners argued that it should be added as a co-owner of the water right pursuant to our holding in *Mont. Dep't of State Lands v. Pettibone*, 216 Mont. 361, 302 P.2d 948 (1985). The Water Court agreed and granted summary judgment for the Board of Land Commissioners, adding them as co-owner's on the water right claim. The Schutters appealed.

Knudsen now seeks leave to intervene pursuant to M. R. App. P. 2(1)(f), which states that an intervenor is "[o]ne who, because of an asserted interest in the outcome, . . . on motion, is granted leave to enter a proceeding before this court, despite not being named originally as a party." Although not binding on this Court, the Rules of Civil Procedure are helpful in illuminating appropriate criteria for intervention. Importantly, the motion must be timely. Further, if an existing party adequately represents the proposed intervenor's interest in the case, intervention is not necessary. *See* M. R. Civ. P. 24(a)(2).

Knudsen argues that the Board of Land Commissioners did not follow § 85-2-441, MCA, and that the Water Court erred in not applying it. Knudsen argues that he has an interest in ensuring that duly enacted laws are followed and that courts correctly apply them. Knudsen further argues that he has a duty to participate in all causes in the Supreme Court in which the State has an interest. *See* § 2-15-501(1), MCA.

We note that intervention is permissible on appeal in certain cases. However, intervention is not necessary in this case. First, whatever the merits of Knudsen's interests in the case may be, this motion is not timely. Litigation has been ongoing since early 2019 when the Board of Land Commissioners filed its objection, of which the Attorney General was given notice. Second, Knudsen cannot say that his interests are not adequately represented. The Attorney General already represents the State through the Board of Land Commissioners, which is a constitutional entity authorized to control certain state lands, subject to regulations and restrictions provided by law. Mont. Const. art. X, § 4.

It is this Court's duty to remedy any purported error in the application of the law in this case.

An Assistant Attorney General has been counsel for the Board of Land Commissioners throughout the litigation. To the extent that Knudsen feels that certain legal arguments have been left unpresented by the above-captioned parties, Knudsen may bring those to the Court's attention through an amicus curiae brief.

IT IS THEREFORE ORDERED that the motion to intervene is DENIED.

IT IS FURTHER ORDERED that leave to file an amicus curiae brief is GRANTED.

IT IS FURTHER ORDERED that the amicus brief shall be prepared, filed, and served by October 10, 2023.

The Clerk is directed to provide a copy hereof to all counsel of record.

DATED this 19 day of September, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
Justices