[No. 2,949.]

## S. E. ALDEN *v.* THE COUNTY OF ALAMEDA.

ACTION ON JUDGMENT AGAINST COUNTY.—If an action could be maintained in any case on a money judgment against a county, it certainly cannot be without first presenting such judgment to the Board of Supervisors for allowance.

STATUS OF A MONEY JUDGMENT AGAINST A COUNTY.—The statute relating to Boards of Supervisors, and providing for the disposition of claims against counties (Stats. 1855, p. 51, Sec. 24), contemplates that when a judgment is obtained against a county it shall have the force and effect of an audited demand, in so far that it is no longer open to contestation, and makes it the duty of the Supervisors to allow it as an audited claim, if presented within the proper time.

ENFORCEMENT OF MONEY JUDGMENT AGAINST A COUNTY.—When a money judgment is recovered against a county, no execution can issue on it; and the only remedy is to present it to the Board of Supervisors for allowance as an audited claim within the time prescribed by law (Stats. 1855, p. 51); and if the Board refuse to perform its duty by allowing it as such, it may be compelled to do so by mandamus.

MONEY JUDGMENT AGAINST COUNTY MUST BE PRESENTED.—The language of the statute of March 20th, 1855, providing that no person shall sue a county in any case, or for any demand, without first presenting the claim to the Board of Supervisors (Stats. 1855, p. 51, Sec. 24), is sufficiently comprehensive to include a cause of action or demand founded on a judgment, which is itself but an adjudicated claim against the county.

APPEAL from the District Court of the Third Judicial District, Alameda County.

This was an action commenced on July 9th, 1869, to recover from the County of Alameda the sum of three thousand four hundred and one dollars and eighty-six cents, with interest thereon from June 2d, 1865. The complaint counted on four judgments recovered against the defendant on the last named day, in the County Court of said county, under section fourteen of "An Act concerning roads and highways in the County of Alameda," approved March 24th, 1862. (Stats. 1862, p. 81.) There was an allegation that the judgments had not been reversed, annulled, or set aside, and that no part of them had been paid or satisfied; but

there was no allegation of any presentation of them, or either of them, to the Board of Supervisors. The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained; and plaintiff declining to amend, judgment was entered for defendant. The plaintiff appealed.

*William H. Patterson*, for Appellant.

The Court below erred in sustaining the demurrer, and rendering judgment thereon for defendant. The judgments were recovered in the County Court for damages awarded in proceedings under the Road Act of 1862, and were in full force, and unpaid and unsatisfied. The following authorities are relied on as establishing plaintiff's right to maintain his action: Stats. 1862, p. 81, Sec. 14; *Hookers* v. *Trustees of Village of Rochester*, 1 Wend. 53 ; *People ex rel. Green* v. *Common Council of Syracuse*, 20 How. Pr. 491.

The question of how the judgment shall be enforced is not at all involved. Once a judgment has been awarded and rendered in the County Court it may be sued over *ad libitum*, to save the Statute of Limitations, or for any reason, until it shall be paid and discharged.

*S. P. Wright, District Attorney*, for Respondent.

The County Government is a part of the State Government, and can only be sued in the manner provided by statute; and when judgment has been obtained it can only be satisfied in the same manner as any other lawful claim against the county. The complaint here does not show that the judgments sued on were ever presented to the Board of Supervisors for allowance, and, therefore, the suit cannot be maintained. (Hitt. Gen. Laws, 6993; *Sharp* v. *Contra Costa County*, 34 Cal. 284; *People* v. *Lake County*, 33 Cal. 487;

*Price* v. *Sacramento County*, 6 Cal. 254; *McCann* v. *Sierra County*, 7 Cal. 121; *Crandall* v. *Amador County*, 2 Cal. 72.)

If a judgment against a county be considered as an "audited claim," as intimated in the case of *Sharp* v. *Contra Costa County*, then plaintiff's remedy is by mandamus, to compel the Auditor to draw his warrant on the Treasurer, the drawing of the warrant being a ministerial duty. (*Harpending* v. *Haight*, 39 Cal. 189; *Day* v. *Callow*, 39 Cal. 593; *Lake Merced Water Co.* v. *Cowles*, 31 Cal. 215; *Napa Valley R. R. Co.* v. *Napa Co.* 30 Cal. 435; *People* v. *Supervisors*, 28 Cal. 430.)

By the Court, CROCKETT, J.:

The only question on this appeal is whether an action can be maintained on a money judgment against a county in this State, there being no averment that the judgment had been presented to the Board of Supervisors for allowance as a claim against the county before the commencement of the action. The judgment itself has the force and effect of an audited claim against the county. It is conclusive evidence that the county owes the money for which the judgment was rendered. The Board of Supervisors has no discretion to exercise in respect to the justice or legality of the demand; nevertheless, the statute appears to contemplate that, after the judgment is obtained, it shall be presented to the Board of Supervisors, to be placed on file amongst the audited demands against the county. By section twenty-four of the Act of March 20th, 1855 (Stats. 1855, p. 51), providing for the organization of Boards of Supervisors in the counties of this State, it is provided that "no person shall sue a county in any case, or for any demand, unless he or she shall first present his or her claim or demand to the Board of Supervisors for allowance, and if they fail or refuse to allow the same, or some part thereof, the party feeling

aggrieved may sue the county ; and if the party suing
recover in the action more than said Board allowed, or
offered to allow, said Board shall allow the amount of the
said judgment and costs as a just claim against the county;
but if the party suing shall not recover more than the Board
shall have offered to allow him or her, then costs shall be
recovered against him or her by the county." In providing
that no person shall sue a county in *any case*, or for any
demand, without first presenting his claim for allowance,
and that after it has been rejected, and he has obtained a
judgment therefor, the judgment shall be *allowed* by the
Board of Supervisors as an audited claim against the county,
the statute evidently contemplates that when the judgment
is obtained it shall have the force and effect of an audited
demand, in so far that it is no longer open to contestation,
and it is made the duty of the Board of Supervisors to *allow*
it as an audited claim. If the Board refuses to allow it on
presentation within the proper time, it can be compelled by
mandamus to perform its duty in this respect. It has no
discretion in the premises; and after the judgment is thus
allowed, it stands upon precisely the same footing with all
other audited demands against the county, and is thence-
forth subject to all the conditions and limitations applicable
to other audited demands, and payment may be enforced in
the same manner, and not otherwise. No execution against
the county can issue on the judgment, the only office of
which is to establish the demand in so conclusive a manner
that it can no longer be contested. It is equally clear that
when the status of the claim is thus established the only
remedy for enforcing it is to present the judgment to the
Board for allowance as an audited claim within the time
prescribed by law. No useful end whatever could be sub-
served by permitting the recovery of a second judgment,

founded on the first; and if it were permissible in any case of this character, it is clear that the action could not be maintained without first presenting the judgment to the Board for allowance. When the statute declares that no person shall sue a county *in any case*, or for any demand, without first presenting the claim to the Board, the language is sufficiently comprehensive to include a cause of action or demand founded on a judgment, which is itself but an adjudicated claim against the county. The provision is founded in wisdom, and was intended to prevent the county from being harrassed by needless and expensive litigation.

Judgment affirmed.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.