[L. A. No. 1124.    In Bank.—January 2, 1904.]

## L. M. BIGELOW, Appellant, v. CITY OF LOS ANGELES, Respondent; M. J. NEWMARK et al., Interveners, Respondents.

EMINENT DOMAIN—OPENING OF PUBLIC STREET—STIPULATION—INJUNCTION SUIT—DELAY OF TRIAL—LOSS OF EQUITABLE RELIEF.—Where by stipulation entered into at the trial of an action to condemn land the condemnation had become final, it being also stipulated that an ordinance should be passed to vacate an alley as a street or thoroughfare, and an injunction was sought to restrain the opening of the street over plaintiff's land until a valid ordinance should be passed as stipulated, but no injunction was enforced, and for seven or eight years before the trial of the suit the street had remained open and occupied as a public street, and plaintiff paid assessments on her property for its improvement, the plaintiff was not entitled upon the delayed trial of the injunction suit to the equitable relief sought.

ID.—DAMAGES—ABSENCE OF ISSUE—PLEADING—CLAIM NOT PRESENTED TO COUNCIL—NEW TRIAL.—Where no issue was raised on the trial upon the question of damages, and the plaintiff merely sought to sustain her prayer for an injunction by an averment that she would be damaged in the sum of ten thousand dollars by failure to vacate the street, as stipulated, or to sustain the injunction sought, and where no claim for damages was presented to the city council, as required by the city charter, a new trial cannot be granted to try the question of damages.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.

The facts are stated in the opinion.

McNutt & Hannon, and A. W. Hutton, for Appellant.

W. B. Mathews, Attorney for City of Los Angeles, Respondent.

J. S. Chapman, for Juana Larronde, Intervener, Respondent.

M. J. Newmark, Intervener, Respondent, *in pro. per.*

GRAY, C.—Plaintiff owns a lot of land in the city of Los Angeles, said lot being about one hundred and fifty-five feet

north and south and one hundred and five feet east and west, and bounded on the north by the plaza, on the east by Negro Alley, and on the west by an alley ten feet wide, running along the westerly line of Engine House No. 38. In 1887 the defendant city commenced an action against the plaintiff herein, Mrs. Bigelow, to condemn a right of way over and covering the greater portion of this property for the extension of Los Angeles Street north to the plaza. While said action was pending, and before any proceedings had been taken to ascertain the damage to be paid for condemning the said land, the plaintiff city and defendant Mrs. Bigelow entered into a written stipulation disposing of the question of damages as follows:—

"It is hereby stipulated and agreed by and between the city of Los Angeles and the said L. M. Bigelow, respective parties to said action:

"(1) That the purchase price to be paid for the strip of land sought to be condemned and to be taken for public use as a public street of the said city, is the sum of $12,000.

"(2) That the said sum of $12,000 shall be deposited by said city in the court, or any portion of such sum not so deposited shall be secured by good and sufficient bond, executed by ........... and ........... and that the same shall be paid over, or the said bond be conditioned that the money be paid over to the said L. M. Bigelow, upon the passage of said two several orders or ordinances hereinafter mentioned.

"(3) That immediately upon an order or ordinance being passed by the council of said city, declaring said proposed Los Angeles Street opened as a public street of said city, the said city shall pass an order or ordinance abandoning and vacating Negro Alley as a street or thoroughfare, and disclaim all right, title, or interest, in fee or otherwise, in, over, along, or upon any portion of the strip of land lying to the east of the said proposed easterly line of the said Los Angeles Street."

This stipulation was dated December 16, 1887, was filed in the condemnation proceedings, and thereupon a decree of the court was entered declaring Los Angeles Street open. Thereafter, on motion of Mrs. Bigelow, the court stayed further proceedings until the city should be able to secure, according to the terms of the stipulation, "the whole amount of $12,000

without any deduction or offsets by assessments or otherwise."
The matter remained in that condition, as is alleged by plain-
tiff herein, to her great damage in consequence of the delay,
until the 6th of September, 1888, when the city finally paid
over to Mrs. Bigelow $12,000 as the purchase price of said
land taken. Thereupon, Mrs. Bigelow, through her attorneys,
entered into another stipulation as follows:—

"We hereby consent that the order heretofore entered may
be set aside, and that said decree may be declared final in the
premises, and further that plaintiff may take possession of
the land sought to be condemned, and use the same as a pub-
lic street of said city forever.

"It being understood that immediately upon the entering
of the decree herein the council of said city shall pass an or-
dinance declaring Los Angeles Street open, and vacating
Negro Alley as provided in the stipulation heretofore filed in
this case."

This stipulation was in turn filed; and thereupon ' 'e city
passed an ordinance declaring Los Angeles Street open, and
also some time thereafter passed what purported to be an
ordinance vacating and closing Negro Alley. Thereafter Mrs.
Bigelow claiming that the last-named ordinance was a nul-
lity, commenced this suit to restrain the city from further
entering upon her land and premises, until, through its coun-
cil, it should pass an ordinance vacating and abandoning
Negro Alley as a public street. In her complaint she alleged
the facts substantially as above set forth, and also alleged that
the city had failed and refused to pass an ordinance vacating
Negro Alley. She further alleged that it was among the
main considerations moving the plaintiff to the stipulations
that Negro Alley should be vacated and abandoned by the
defendant; and that this was so for the reason that she would
have left without the abandoning of the alley only a narrow
wedge-shaped strip of land between Los Angeles Street and
the alley only a few feet wide at the south end, and running
to a point at the north some thirty feet before reaching the
plaza, and that, without the abandonment of the alley and
the consequent right to use the west half of the alley in con-
nection with this narrow strip, the same would be practically
useless for any purpose, and the plaintiff would suffer dam-

age in the sum of ten thousand dollars over and above the amount already paid her.

Plaintiff prayed for an injunction against the city restraining it from entering upon or in any way using the said land and premises of plaintiff in said Los Angeles Street until the said city should pass an ordinance vacating Negro Alley and for such other and further decree as may seem meet and proper. There is no allegation in the complaint that plaintiff presented any claim for those damages to the city council. Thereafter the defendant answered the complaint, and certain property-owners along Negro Alley intervened, and their complaints were in turn answered, and upon the issues thus made the case went to trial before the court without a jury, and the findings and judgment were against the plaintiff, dismissing her action.

The plaintiff appeals from an order denying her motion for a new trial. There is no appeal from the judgment.

The equitable relief in the nature of an injunction prayed for by plaintiff could not be properly granted by the trial court on the showing made before it. It was shown by the stipulations entered into at the trial of the case that the judgment condemning the land for Los Angeles Street had become final with the consent of the plaintiff, and that after the commencement of this suit, and some seven or eight years before the trial of it, Los Angeles Street had been opened and graded, and during all those years it had remained an open public street, used and occupied as such, and plaintiff had made no effort to enforce any injunction against it, but, on the contrary, paid assessments on her property for the improvement of this street in seeming acquiescence in the use thereof as a public street. The findings are in accordance with these stipulations. It is not strongly contended by appellant that she is entitled to have the equitable relief prayed for; and in view of these stipulations and findings it cannot be plausibly so contended.

Plaintiff's main contention, as here urged, is, that she is entitled to damages on account of the city not fulfilling its contract to close Negro Alley, and that the court should have granted her a new trial that she might obtain those damages. The trouble with this contention is, that an examination of

the record shows that this was not an action for damages. No damages were demanded in the complaint; and there was no allegation in it to the effect that plaintiff *had* suffered any damage. The allegation as to ten thousand dollars damages was conditioned upon the refusal of the injunction, and was intended only to satisfy the requirement that the complaint in suit for an injunction must show that substantial damages will result if the injunction is not granted. Furthermore, there was nothing in the stipulations or other evidence, nor was there anything in the pleading, to show that any claim or demand for any damages had been presented to the council of the city of Los Angeles. In order that the suit might be treated as one for damages it was absolutely necessary that a claim therefor should have been so presented to the council. (City Charter of Los Angeles (Stats. 1889, p. 510), sec. 222; *Alden* v. *County of Alameda,* 43 Cal. 270; *Rhoda* v. *Alameda County,* 52 Cal. 350; *Bancroft* v. *City of San Diego,* 120 Cal. 432; *McCann* v. *Sierra County,* 7 Cal. 121.) There was no case for damages presented by the pleadings, and no issue of that kind tried. Can it be said that the court should have granted a new trial as to an issue that had never been tried and was not before the court? We think not. We are not holding that the complaint failed to state a cause of action, but only that the pleadings presented no issue as to a cause of action for damages, and that there can be no new trial of an issue which is not presented by the pleadings in the case. Not being in a position to obtain damages on account of failure to show presentation of claim therefor, and not being entitled to equitable relief, a new trial was properly denied her.

Some of the findings of the court are perhaps unsupported by the evidence, but these findings become immaterial in view of the stipulations and other findings showing that plaintiff is not entitled to have the equitable relief to which they relate.

We advise that the order denying a new trial be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is affirmed.

Angellotti, J., Lorigan, J., McFarland, J., Henshaw, J.