(February 24, 1911.)

## STATE, Respondent, v. FRED. ROE, Appellant.

[113 Pac. 461.]

CRIMINAL LAW — PROOF OF PENDENCY OF ACTION — SECONDARY EVIDENCE—SUFFICIENCY OF EVIDENCE.

(Syllabus by the reporter.)

1. In a prosecution for conspiracy to influence a witness in a criminal action to leave the state and remain without the jurisdiction of the court, where it appears that the prosecuting attorney omitted to prove by primary evidence the pendency of such criminal action at and prior to the time the alleged conspiracy was entered into, but

witnesses testified from their personal knowledge that such action was pending at that time, and counsel for appellant made no objection to the admissibility of such testimony on the ground of its being secondary evidence, such testimony is competent evidence of the pendency of such action.

2. *Held,* that there is sufficient evidence in the record in this case to establish the fact that there was an action pending in the district court at and prior to the time that appellant and his codefendants conspired to secure the absence from the state of a witness in such action.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.    Hon. Ed. L. Bryan, Judge.

Prosecution for conspiracy to secure the absence of a witness in a criminal action.    Defendant convicted and appealed. Judgment *affirmed.*

Frank Harris, for Appellant, files no brief.

D. C. McDougall, Attorney General, O. M. Van Duyn, Assistant, and J. L. Richards, Prosecuting Attorney for Washington County, for the State, cite no authorities on points decided.

BUDGE, District Judge.—The defendant, Fred. Roe, was charged by the information of the prosecuting attorney of Washington county with conspiracy, in the district court of said county, and was convicted, and appeals from the order overruling his motion for a new trial and from the judgment.

Briefly stated, the facts in this case are, that the defendant, and Dudley Evans and William Wall, a short time previous to July 20, 1910, were charged with the unlawful selling of intoxicating liquors to M. G. Morris. The complaint was regularly filed in the probate court of Washington county, a preliminary examination was thereafter held, and the defendant Fred. Roe and William Wall were held to answer to the district court upon said charge. Thereafter, and before the convening of the district court in and for said county of Washington, the complaining witness, M. G. Morris, left the

state of Idaho, and went to Vancouver, British Columbia, where he was later found by the sheriff of Washington county, and brought back to said county, and jointly charged by the information of the prosecuting attorney, with Dudley Evans, Fred. Roe and William Wall, with conspiracy. A preliminary examination was held, and the defendants were bound over to await the action of the district court. Before the trial of the said cause, the defendant, M. G. Morris, upon motion duly made by the county prosecuting attorney, was discharged; and it appears from the record that the defendant Fred. Roe was separately tried upon said information charging him with conspiracy, and was convicted of the offense.

The only question submitted by counsel for the appellant is: Was the pendency of the action, wherein the state of Idaho was plaintiff and the appellant Fred. Roe and William Wall were defendants, established by competent evidence?

It appears from the testimony that during the trial of this cause several witnesses testified to the fact that at and prior to the time the appellant together with Dudley Evans and William Wall influenced the witness Morris to leave the state of Idaho, and to remain without the jurisdiction of the court, there was an action pending in the district court of Washington county, wherein the defendants Roe and Wall were charged with the unlawful selling of intoxicating liquors; but the county prosecuting attorney omitted to call the clerk of the court and have him either identify the original files or the court record, for the purpose of proving that the defendants were charged in the district court, by information, with a public offense, and that the said action was pending prior to and at the time that the defendants conspired together, and by the payment of money influenced the witness Morris to leave the state of Idaho and the jurisdiction of the court.

Counsel for the appellant contends that the record, in failing to show that the clerk of the court, or the proper custodian of the original files and records, was called to testify to and identify said records and files, and in failing to show that the original files and records were introduced in evidence, in proof of the allegation of the information that an

action was pending at and prior to the time that the said witness Morris was by the defendants influenced to leave the state of Idaho, and to remain without the jurisdiction of the court, is fatally defective, and that a judgment could not be predicated upon the verdict of the jury in the absence of this testimony.

We have carefully examined the testimony and we find, as before stated, that in numerous instances the witnesses testified that at and prior to the time that the defendants conspired together for the purpose of influencing the witness Morris to leave the state, and at the time that he did leave the state, in pursuance of the influences used by the appellant and his codefendants, an action was pending in the district court in and for the said county of Washington, wherein the state of Idaho was plaintiff, and the said Fred. Roe and William Wall were defendants. The appellant nowhere in the record objected to the admissibility of the testimony of the witnesses in this regard, but sat quietly by and permitted the state to prove by oral testimony that an information had been filed in the district court in and for the county of Washington, in which the defendant Roe was charged with the unlawful selling of intoxicating liquors, and that said action was pending at and prior to the time that the conspiracy was entered into.

We do not think it necessary to cite authorities, or to discuss primary or secondary evidence, in reaching a conclusion in this case. While it may be true that the better practice on the part of the county prosecuting attorney would have been to call the proper custodian of the original files and records in the case that was pending, wherein the state was plaintiff and Fred. Roe was defendant, to prove that fact, and this the county prosecuting attorney would have been required to do if counsel for appellant had interposed an objection, yet counsel for the appellant did not, for reasons best known to himself, interpose an objection to the admissibility of secondary evidence in proof of the pendency of the action, and we do not think that he can be heard to complain at this.

time. We are of the opinion that the witnesses who testified to the fact that there was an action pending in the district court, where no objection was interposed on the ground that such testimony was secondary evidence, were competent witnesses to testify to a fact within their personal knowledge. We think that there is sufficient evidence in the record to establish the fact that there was an action pending in the district court in and for the county of Washington, at and prior to the time that the appellant here and his codefendants in the district court conspired together, and secured the absence of the witness Morris from the state of Idaho and from the jurisdiction of said court.

The judgment of the district court should be *affirmed*, and it is so ordered.

Stewart, C. J., and Ailshie, J., concur.