201 P.2d 747

**NELSON v. OVERSMITH.**

No. 7470.

Supreme Court of Idaho.

Jan. 3, 1949.

Robert W. Peterson, of Moscow, and Cox, Ware & Stellmon, of Lewiston, for appellant.

Estes & Felton, of Moscow, for respondent.

HYATT, Justice.

On or about March 8, 1946, appellant being the owner of a certain store building in Moscow, Idaho, leased the same to respondent by written lease for a term commencing February 1, 1946 and expiring February 1, 1949, at an agreed rental of $70.00 per month. The lease provided that lessee should, at his own expense, make necessary or his desired alterations, improvements, decorations and cleaning except such as might be caused by fire, leakage, or other elements over which he had no control; and that the lessor at her own cost and expense should make all necessary structural and external repairs.

The lease concluded with this paragraph:

"It is further agreed that in the event that said building or premises shall become damaged, without fault by the lessee, so that the same cannot reasonably be used for the purposes herein specified, or be destroyed by the elements, then the said lessee shall not be required to pay rent for the use thereof during any such time, provided, however, that the said lessor shall be given a reasonable time within which to put said premises in repair so

that they can be used for the purposes specified in this lease, and such repairs shall be commenced by the said lessor within three (3) days of the same being damaged and shall be completed as rapidly as possible, and must be completed within thirty days from the date of such damage if labor and materials available, otherwise, the said lessee shall be released from this contract, and it is understood that the said lessee shall not pay any rent during such time as the same is unfit for the uses and purposes herein specified."

On or about February 16, 1947 a fire occurred on the demised premises as a result of which the roof and front portion of the building were burned and the ceilings and walls were damaged by water. The area constituting the East 45 feet or rear of the ground floor was separated from the front portion by a brick wall.

The trial court found and the evidence shows that the building was damaged to such an extent that approximately two-thirds thereof was unusable by respondent for any purpose, and the remaining one-third, being the rear portion above referred to, was usable by him for storage purposes only.

For sometime after the fire, appellant did nothing about restoration or repair of the building although respondent remained ready and willing to continue with the lease when restoration was made. On or about August 1, 1947, appellant did commence restoration and completed the same in early October, 1947. The court found that she could have commenced such restoration and rebuilding by April 1, 1947 and completed the same no later than August 1, 1947.

During the restoration and rebuilding, appellant removed certain personal property of respondent which was stored in the usable part of the premises, and, after rebuilding, refused him the right to re-occupy the premises, contending that under the terms of the lease her failure to rebuild or restore within the time limited by the lease constituted a termination thereof.

Respondent then brought this action for a decree restoring him to occupancy and for damages as follows:

(a) Loss of profits from his rug cleaning business after the time restoration could have been completed;

(b) Additional rental paid for other premises for the same period;

(c) Cost of floor, linoleum covering, plumbing, wiring and painting installed by respondent and alleged to have been removed by appellant.

By cross-complaint, appellant claimed termination of the lease under the clause above quoted and asked damages for $1,200 for respondent's failure to remove his property from the premises, alleging such failure delayed her contractor in the work of rebuilding.

The trial court found against appellant on her claim for damages and since such

4

finding is supported by the evidence, we will not consider it further.

The court further found and concluded that, under the terms of the lease, appellant was obligated to restore the building and that respondent was damaged in the amount of $100 per month for loss of business during the period referred to, i. e., from August 1, 1947 and so long thereafter as appellant refused respondent possession; that such loss was occasioned by respondent's inability to clean rugs; that respondent was further damaged in the sum of $25 per month for additional rentals paid for other quarters, and in the sum of $356.80, the cost to him of installation of a wooden floor and linoleum covering therefor, located in the East 45 feet of the property and which was not damaged by fire but removed by appellant's contractor.

The trial court entered a decree accordingly from which this appeal is taken.

The assignments of error present the following questions:

(1) Was appellant obligated to restore?

(2) Did the lease terminate by its terms for failure of appellant to rebuild within the time specified?

(3) Is respondent entitled, under the evidence, to the damages allowed?

It is unnecessary for us to decide whether any of lessor's covenants obligated her to restore or rebuild the premises. She did make restoration during the term of the lease, although a little belatedly. Meanwhile the lessee never exercised his option to terminate for appellant's failure to promptly rebuild but he has at all times since been willing to continue with the lease.

In view of the conclusion which we have reached with reference to damages, it is likewise unnecessary to decide whether appellant was obligated to rebuild or what damages a tenant is otherwise entitled to for a breach of such a covenant to rebuild.

Appellant argues that since the clause above quoted provided that the lessee "shall be released from this contract" in the event of appellant's failure to repair or restore within the time limited, the lease was automatically terminated when she did not perform such work within such time limit.

Such contention on the part of appellant is unsound. The covenant quoted does not give and should and cannot be construed to give appellant the right to terminate in the event of her failure to rebuild, but gives such right only to the lessee. It would be manifestly unfair to permit a party to take advantage of his own act or neglect to effect a termination. For the principle see Bank of America, Nat. Trust & Savings Assn. v. Moore, 18 Cal.App. 2d 522, 64 P.2d 460 and cases therein cited. Central Oil Co. v. Southern Refining Co., 154 Cal. 165, 97 P. 177.

Considering next the liability of appellant for damages awarded, it is unnecessary for us to decide whether respondent

is legally entitled to recover for loss of profits in his rug cleaning business, from and after the time the building could have reasonably been restored by appellant, or whether the rule announced in Russell v. Little, 22 Idaho 429, 126 P. 529, 42 L.R.A., N.S., 363, Ann.Cas. 1914B, 415, with reference to loss of business is applicable here, since the evidence of loss of profits is insufficient to justify an award of the same, even if profits could be recovered otherwise.

The record discloses that respondent testified as follows:

"Q. During the period here in question while you were in occupancy of the premises, do you know how much money was obtained by you from rug cleaning from that establishment?

"A. $1,240.00 * * *

"Q. Since the occupancy of these premises has been denied you, have you been able to clean rugs, Mr. Nelson?

"A. No sir * * *.

"Q. Do you have any estimation of the loss that you have sustained from your inability to do rug work since that period to the present? * * *

"Q Would you give us that estimate of loss of rug work operation?

"A. About $100 per month."

Respondent testified only as to his gross income of $1,240 for the eleven months preceding the fire and although he said he kept books, he did not show his net profit for the period he operated or that the gross was all profit to him. His testimony as to loss of $100 per month was by the words of the question propounded to him nothing but an estimate. Such evidence alone is not competent and cannot sustain the finding of the court in regard thereto because it was first a pure estimate (O'Brien v. Best, Idaho, 194 P.2d 608), and second, if not an estimate, it was based only upon gross receipts, which are not sufficient proof of damages. St. Germain v. Bakery & Confectionery Workers' Union No. 9, 97 Wash. 282, 166 P. 665, L.R.A. 1917F, 824.

Neither can the item for rental paid for occupancy for other premises be allowed, since, without deciding what damages a party may be entitled to in a situation of this kind, respondent by his own testimony admitted he had rented such other premises prior to the fire and conveniently used the same after the fire without proving any expenditure for additional space as a result of his loss of occupancy of the building.

The final item allowed for damages was the cost of installation of a wooden floor (laid over a concrete floor) and a linoleum covering in the East 45 feet of the building which respondent installed in order to carry on certain of his business operations. The record fails to disclose any negligence by appellant's contractor or that the floor did not have to be removed in the necessary restoration of the premises,

nor does it show just why removal was made. The burden of proof was on respondent and he failed to sustain it.

The following remarks between the Court and counsel for respondent occurred during the trial:

"Mr. Felton: I think the Court has more or less indicated that it was necessary to tear up this concrete floor. I am just a little bit at a loss how to proceed on this proposition because of sewage condition and I would like to know what the Court's position is before we go ahead.

"The Court: The Court takes the position, as far as this was concerned, it was necessary to move that floor and, inasmuch as it was necessary to move it, it isn't an item of damages in this case.

"Mr. Felton: That is all. (Witness excused)"

No further evidence was offered by respondent after these remarks and we conclude that the evidence is insufficient to justify any damages for removal of the wooden floor and covering.

The decree of the District Court is modified by striking the award for damages (both past and prospective) in Paragraph I thereof and as so modified, is affirmed.

No costs awarded.

HOLDEN, C. J., GIVENS, J., and TAYLOR, and SUTPHEN, District Judges, concur.