353 P.2d 398

Arthur F. McOMBER and June N. McOmber, his wife, Plaintiffs-Respondents and Cross-Appellants,

v.

Lloyd R. NUCKOLS and Aileen M. Nuckols, husband and wife; Walter M. Swanson; S. H. Bennion; Western States Refining Co., Inc., a corporation; Alex Kinghorn and Myrtle Kinghorn, husband and wife, Defendants-Appellants and Cross-Respondents.

No. 8815.

Supreme Court of Idaho.

June 16, 1960.

Gus Carr Anderson, Pocatello, for respondents.

Arthur P. Oliver, Pocatello, Cotro-Manes & Cotro-Manes, Salt Lake City, Utah, for appellants.

TAYLOR, Chief Justice.

Defendants ·(appellants and cross-respondents) were in possession of and operating an automobile service station as tenants of plaintiffs (respondents and cross-appellants). On the same tract and adjacent to the service station, plaintiffs owned and operated a motel.

The lease contains the following provision:

"Lessee also agrees that he will provide rental services to the lessor's cab-

ins between 10 o'clock p. m. and 8 o'clock a. m., supplemental to lessee's business."

Alleging that defendants failed and refused to provide rental services for the cabins constituting the motel, plaintiffs in their first cause of action seek damages in the sum of $250 per month "from the 24th day of April, 1956," and upon their second cause of action the sum of $250 per month from the 13th day of February, 1956, to the 24th day of April, 1956.

Defendants rely upon two defenses; first, that they have offered to furnish the rental service, but that plaintiffs have not permitted defendants to render such service; and second, plaintiffs have subleased the cabins and from time to time employed managers to operate the cabins, and that such sublessees and managers have refused to allow defendants to render the service.

The cause was tried to the court sitting without a jury.

As to the first cause of action, the court found:

"The Court does not adjudicate or make any findings with reference to the amount of damages from April 24, 1956, for the reason that no proof has been introduced by plaintiffs concerning this short period of time."

As to the second cause of action the court found:

"Upon the second cause of action it is found that plaintiff is entitled to damages for a period of two months, the same being from February 13th to April 24, 1956, in the amount of $250.00 per month, making a total of $500.00."

A recognized measure of damages for the breach of contract to render service is the reasonable cost of securing performance by other means. Ficara v. Belleau, 331 Mass. 80, 117 N.E.2d 287; 25 C.J.S. Damages § 79. Plaintiffs predicated their right to recover upon the basis of the cost to them of hiring a night clerk to perform the services which defendants were required to render under the forgoing provision of the lease. However, plaintiffs did not employ a night clerk during either of the periods for which they seek recovery. In such situation the measure of their damage for the alleged breach is the actual loss sustained to their motel business by reason of the failure of defendants to provide the rental service. Williams v. Bone, 74 Idaho 185, 259 P.2d 810; 25 C.J.S. Damages § 73; 1 Restatement of Contracts, § 331.

Plaintiff, A. F. McOmber, testified that he had employed such help on two or three occasions, but could not remember what

he had paid therefor; that he had never hired anyone for the specific hours of 10:00 p. m. to 8:00 a. m.; that he operated the motel through a manager; that during short periods between the discharge of one manager and the employment of another he had operated the motel himself; that when he operated the motel, he slept in the apartment adjacent to the office; that he lost many rentals because the caller would depart before he could get his robe and slippers on and get to the door; that his managers had reported similar losses occurring while they were operating the motel; that during the summer months—April, May, June, July, August and part of September—he would have as many as three or four prospective tenants call during the night and one or two on winter nights. How many of these would depart before he or his manager could get to the door, plaintiff did not state. Plaintiff further testified his average tourist rentals were at the rate of $6 per night. He did not testify nor produce any books or records as to overhead or costs of operation, nor as to what part of the rentals lost would have been profit.

In support of their theory that plaintiffs are entitled to recover the reasonable cost of such service, plaintiff McOmber testified that he had inquired of other motel operators in the vicinity and based upon such inquiry and on his own experience, he estimated the cost of employing a night clerk to be between $150 and $250 per month. Such testimony does not support the court's finding of damages for two months at $250 per month, and, since plaintiffs did not employ a night clerk during the periods involved, the cost thereof is not the measure of their damage.

▆ Testimony as to gross income alone, or the difference between gross income before and after the tort, without evidence of the overhead expenses or other costs of producing the income, will not support a judgment for loss of profits. Nelson v. Oversmith, 69 Idaho 1, 201 P.2d 747; Harrington v. Hadden, 69 Idaho 22, 202 P.2d 236; Williams v. Bone, 74 Idaho 185, 259 P.2d 810. The plaintiffs' evidence as to loss of profit is incomplete, uncertain and speculative, and therefore is insufficient to support the judgment in their favor. O'Brien v. Best, 68 Idaho 348, 194 P.2d 608; Harrington v. Hadden, supra; 25 C.J.S. Damages § 26a, page 489, et seq.; 15 Am.Jur., Damages, § 20, page 410 et seq.; 1 Restatement of Contracts, § 331.

Moreover, during the periods involved, plaintiffs' motel was managed by the witness Pappas and his wife. Pappas testified that by his agreement with the plaintiffs he was given complete control and management of the motel, and of the income and expenses thereof; complete responsibility for all of the property and supplies con-

nected therewith; and that he operated it on a 24-hour basis. For such service Pappas and wife were to receive 15% of the gross income of the motel and have the use of the apartment next to the motel office. Pappas also testified that plaintiffs never advised him that a third party was obligated to or would furnish rental service for the motel. Plaintiff McOmber did not contradict Pappas' testimony in any material particular.

Late in February, 1956, defendants' representative advised Pappas that defendants were required to furnish rental service and that he had employed a lady for that purpose. Pappas agreed to allow the employe to work until he could contact plaintiff. A cot was placed in the office for her use. On the second day of her employment McOmber came to the motel and advised the employe she was not to use a cot; she was to sit up and rent the cabins; she was to do cleanup work around the office; the door to Pappas' apartment was to be kept closed, and the outside door to the office was to be left unlocked. Pappas objected to the arrangement, saying he did not want a stranger sharing in, or interfering with, his management of the motel. Pappas suggested that defendants hire his daughter as night clerk. Plaintiffs refused to permit the employment of the daughter. Thus plaintiffs directly and through their manager refused to allow defendants to perform the rental service, or imposed conditions which made performance impracticable. Damages cannot be recovered where it cannot be determined by which party's fault they were incurred. Smith v. Billings Sugar Co., 37 Mont. 128, 94 P. 839, 15 L.R.A.,N.S., 837; 25 C.J.S. Damages § 27.

The judgment for defendants on the first cause of action is affirmed. The judgment for plaintiffs on the second cause of action is reversed, and the cause is remanded to the district court with directions to dismiss the action.

Costs to appellants.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.