BRANDNER, Appellant v. CITY OF ABERDEEN, Respondent

(105 N.W.2d 665)

(File No. 9812. Opinion filed November 2, 1960)

576

**D. M. Joyce, Chas. E. Gorsuch,** Aberdeen, for Plaintiff and Appellant.

**F. W. Noll, Dwight Campbell,** Aberdeen, for Defendant and Respondent.

ROBERTS, P.J. Catherine R. Brandner was injured in a fall on an icy sidewalk in the City of Aberdeen. She brought an action against the city and the owners and tenants in possession of the abutting property alleging that defendants were negligent in permitting snow and ice to accumulate on the sidewalk in question and thus creating and maintaining a dangerous condition causing injury to the plaintiff. The defendants other than the city did not answer,

but appeared separately and moved to dismiss the complaint as to each of them for failure to state a claim upon which relief could be granted. The trial court granted the motions to dismiss. The plaintiff and defendant city are the only parties before us on appeal.

The city by its answer invoked the provisions of SDC 45.1409 which provides that no action against a municipality for negligence shall be maintained "unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury. * * * Any action for such recovery must be commenced within two years from the occurrence of the accident causing the injury or death." The defendant city filed a motion to dismiss the complaint for the reason that it failed to state a claim upon which relief could be granted.

■■ Section 45.1409 as interpreted in Gellenbeck v. City of Mobridge, 40 S.D. 157, 166 N.W. 631, is in the nature of a statute of limitations, rather than a condition precedent necessary to commence an action, and the failure to comply is an affirmative defense to be pleaded by the party relying on it. See also Hanley v. City of Sioux Falls, 49 S.D. 91, 206 N.W. 240; Gurney v. Rapid City, 74 S.D. 194, 50 N.W.2d 360. The original complaint did not show on its face that plaintiff failed to comply with the provisions of the foregoing statute. On March 2, 1959, plaintiff with leave of court served an amended complaint and the question whether or not the dismissal of the original complaint was erroneous is not now material.

It is alleged in the amended complaint that the accident occured on March 1, 1958; that as a result of personal injuries received by plaintiff in the accident she was confined in a hospital until March 28, 1958, and "was continuously disabled and in bed, in a wheelchair, or on crutches until on or about the middle of June, 1958, at which time the last cast was removed"; and that "Plaintiff admits that there was no written notice given the Defendant in regard to said accident,

as required by Section 45.1409 * * * but alleges that Plaintiff was totally incapacitated for many, many months after said accident and was unable to comply with said statute". The present action was not commenced until December 11, 1958.

■ Many courts have recognized the injustice of permitting a municipality to escape liability by reason of its wrongful act rendering an injured person incapable of giving notice within the time provisions of a claim statute. Annotation: 34 A.L.R.2d 725. In Burkhard v. City of Dell Rapids, 76 S.D. 56, 72 N.W.2d 308, 310, where it was alleged that plaintiff was unable because of his injuries to give notice during the statutory period and that he gave notice within a reasonable time after the expiration of his incapacity, this Court said: "Plaintiff as we have stated proposes to show that he was incapacited from giving written notice or causing same to be given by an agent or attorney for more than sixty days days after his injury and that the very injury for which he seeks recovery resulted from the wrongful conduct of the defendant. * * * It would seem anomalous if plaintiff rendered incapable of giving notice by the same injury for which he seeks recovery is nevertheless barred from giving notice after he regains the ability to do so." This Court in that case held that an injured person rendered mentally or physically incapable by the injury for which recovery is sought of filing a notice within the time specified in section 45.1409 is not barred from filing one within a reasonable time after he regains the ability to do so. The failure to file notice within the time specified may be thus excused, but not the requirement that a notice be filed.

■■ The appeal here is from an order granting a motion to dismiss because the amended complaint fails to state a claim upon which relief can be granted. Demurrers are abolished and objections to the legal sufficiency, substance or form of pleadings may be made either by pleading or motion. SDC 1960 Supp. 33.0902; SDC 1960 Supp. 33.1002. It is our view that the defense of failure to comply with the statute requiring notice of a claim

for injury against the municipality may be considered on motion to dismiss when the legal effect affirmatively appears from the complaint. We are mindful of the provisions of SDC 1960 Supp. 33.0201 providing that an "objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading." That section is incorporated in the chapter of the code pertaining to general statutes of limitations. While the requirement of service of notice of claim upon a municipality is in the nature of a limitation as we have indicated, it does not limit the time within which an action can be commenced.

 Plaintiff in her amended complaint admits that written notice was not given to the city auditor within sixty days after injury. The question then arises whether plaintiff pleads facts which avoid the bar of the statute. She sought to plead incapacity to give notice as justification for non-compliance. We may assume without so deciding that the allegations of the amended complaint show that the disability of the plaintiff continued to the time of the commencement of the action on December 11, 1958. These facts do not excuse the presentation of notice within a reasonable time after removal of disability. Plaintiff contends that the service of the original complaint on the mayor of defendant city was notice of claim within the contemplation of the statute. Section 45.1409 provides that no action for personal injury "shall be **maintained** * * * unless written notice * * * is given to the auditor or clerk." The statute is that no action shall be "maintained", not that it cannot be "commenced". An action, in other words, may be brought before the service of the notice as well as after providing there is compliance with the time limitations. Cole v. City of St. Joseph, Mo., 50 S.W.2d 623, 82 A.L.R. 742. The statute does not contemplate that a complaint in an action may simultaneously serve as both complaint and notice.

While what we have said is decisive, we direct attention to authorities from other states holding that a statute designating the person to whom service of notice shall be made is mandatory and that delivery to a person other than the

one named in the statute is an insufficient compliance. Fisher v. City and County of Denver, 123 Colo. 158, 225 P.2d 828, 23 A.L.R.2d 963; Geimann v. Board of Police Commissioners, 158 Cal. 748, 112 P. 553; Ruprecht v. City of New York, 102 App.Div. 309, 92 N.Y.S. 421. If it were held that the service of a complaint may satisfy the requirements of the statute, there is here no claim that the complaint served on the mayor was brought to the attention of the city auditor, the official to whom the statute provides notice must be given.

The order appealed from is affirmed.

All the Judges concur.

SEACAT, Circuit Judge, sitting for SMITH, J., disqualified.