410 P.2d 433

**Bruce BRAHS, Plaintiff-Respondent,**

**v.**

**David WARREN, dba Loma Vista Ranch, Defendant-Appellant.**

**No. 9585.**

Supreme Court of Idaho.

Jan. 27, 1966.

Roberts & Poole, Boise, for appellant.

Schiller, Young & Williams, Nampa, for respondent.

TAYLOR, Justice.

March 25, 1963, the parties entered into a written contract for the sale by plaintiff (respondent) to defendant (appellant) of some 232 head of dairy cattle. The contract provided for delivery of the cattle on April 4th and 5th at the Meridian Sales Yard in Meridian, Idaho, to be there resold, and further provided:

> "It is further agreed that Sellers will care for, feed, water and otherwise protect all of the property involved in this agreement until the possession has been delivered to Buyers."

The contract price was $44,000.00. The cattle were delivered and the sum of $38,361.06 was paid on the purchase price. Plaintiff brought this action to recover the balance of $5,638.94.

Defendant cross complained, alleging that the cattle had not been properly cared for—fed, watered and otherwise protected—by the plaintiff between the date of sale and delivery; that as a result, upon delivery the animals were afflicted with mastitis and diarrhea and were in a sick and unhealthy condition, resulting in damage to the defendant in the sum of $7,133.06.

The cause was tried to the court sitting without a jury. The court determined the issues in favor of the plaintiff. Among its other findings was the following:

> "That the plaintiff did care for, feed, water and otherwise protect all of the dairy cattle involved in said agreement in a reasonable and prudent manner until the possession was delivered to the defendant on the 4th and 5th days of April, 1963."

This finding is assigned as error.

Assignments of error Nos. 2 and 3 to the effect that the court erred in entering judgment against defendant and in failing to enter judgment for the defendant on his cross claim, are too general to raise an issue for consideration on this appeal. Appellate Rules, rule 41; Lewiston Lime Co. v. Barney, 87 Idaho 462, 394 P.2d 323 (1964); Pearson v. Harper, 87 Idaho 245, 392 P.2d 687 (1964); Fish v. Fleishman Lumber Co., 87 Idaho 126, 391 P.2d 344 (1964).

Thus, the question as to whether there was substantial and competent evidence to support the finding that the animals were properly cared for by the plaintiff during the interval between the sale and delivery dates, is the sole issue presented.

Evidence was produced on behalf of defendant that the quality and health of the herd had noticeably depreciated during the two weeks they remained in the care of plaintiff; that some of the cows were afflicted with mastitis; that there was considerable diarrhea in the herd due to an improper diet consisting mostly of beet pulp; and that the cows had not been milked on the morning of April 5th, before their delivery at the sales yard.

Plaintiff produced witnesses who testified that the cows were milked prior to being loaded in trucks for delivery to the sales yard on the morning of April 5th; that no significant change in the health and general condition of the herd took place between the date of the contract and the date of delivery. Four witnesses, including a veterinarian, testified that at the time of delivery the herd was in average condition; the veterinarian testified that in his opinion the animals had had average or fair care; plaintiff's hired hand, who cared for the animals during the period involved, testified that he had given them the usual care and that such care was good. There was testimony that some mastitis exists in all dairy herds; that the disease was not excessive in the herd in question; and the plaintiff testified that this herd had less mastitis than most herds. The driver of the truck used to haul the cattle to the sales yard testified he noticed no excessive diarrhea, and a witness who attended the sale on April 5th and bought some of the cattle testified:

"Q  Did any of these cows that you bought, of these twenty-one head, have any bad diarrhea?

"A  Not any more than what you could expect out of them after being chased and hauled."

and that the cows were no more seriously afflicted with mastitis than his own herd, which numbered 75 head of milking cows.

Thus, there was substantial, competent evidence to support the trial court's finding and, therefore, the finding is conclusive of the issue. I.C. § 13–219; Allen v. Durfee, 87 Idaho 260, 392 P.2d 430 (1964); Coburn v. Fireman's Fund Insurance Company, 86 Idaho 415, 387 P.2d 598 (1963).

Judgment affirmed.

Costs to respondent.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.