430 P.2d 670

**Adeline Barden McLEAN, d/b/a Fireside Lodge, Plaintiff-Respondent,**

v.

**The CITY OF SPIRIT LAKE, Operators of the Spirit Lake Municipal Water System, Defendant-Appellant.**

No. 9893.

Supreme Court of Idaho.

July 27, 1967.

Lyons & Hofmeister, Sandpoint, for appellant.

J. Ray Cox, Coeur d'Alene, for appellee.

McFADDEN, Justice.

Adeline Barden McLean, the plaintiff-respondent, owner and operator of the Fireside Lodge, a lakeside tavern and resort, instituted this action against the City of Spirit Lake, defendant-appellant, seeking compensatory damages allegedly occasioned by the interruption of water service from the city-owned water system to the Fireside Lodge, and also punitive damages. The defendant city, a city of the second class, by its water system furnishes water for use of the inhabitants of the city, including the Fireside Lodge, which is within the city limits.

The case was tried before a jury on the issues framed by plaintiff's complaint, and the defendant's answer which generally denied the allegations of plaintiff's complaint, without interposing any affirmative defenses to the action. At the trial, evidence was introduced reflecting that during a period of extreme cold, commencing about December 17, 1964, the defendant city abruptly shut off the supply of water to the plaintiff's premises without notice to her, which interruption in service continued for a period of about two weeks, resulting in freezing of the plumbing and fixtures and flooding of the premises, causing the damages which led to this action. The defendant city introduced evidence tending to show that the shut-off of the supply of water to plaintiff's premises was necessitated by the breakdown of one of the city's two pumps supplying the system, and that the water previously channeled to plaintiff's premises was diverted temporarily to the other users of the community.

The jury rendered its verdict in favor of the plaintiff, awarding damages as follows:

"We, the jury, duly empaneled to try the above entitled cause, find our verdict for the plaintiff, ADELINE BARDEN McLEAN, and award her damages as follows:

General damages in the sum of $2,236.18, and punitive damages in the sum of $_____."

Judgment was entered on this verdict and this appeal followed from the judgment and also from the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

The city assigns two errors: (1) That the trial court erred in denying its motion for judgment notwithstanding the verdict or for new trial; and (2) That the trial court erred in giving an instruction concerning punitive damages.

One of the grounds for defendant's motion for judgment notwithstanding the verdict or new trial was that plaintiff allegedly failed to conform to the requirements of I.C. § 50–2010, which requires the filing of a claim for damages with the city clerk prior to instituting an action against a city of the second class as follows:

"All claims for damages against cities of the second class * * * must be filed with the clerk within six months after the time when such claim for damages shall have accrued, specifying the time, place, character and cause of said damages. No action shall be maintained against the city * * * for any claim for damages until the same has been presented to the city council, and until sixty (60) days have elapsed after such presentation. * * *." I.C. § 50–2010.

It is the defendant's contention that the record in the trial court and before this court fails to show any claim was so filed, and that it was incumbent upon plaintiff to plead and prove such a claim was filed prior to instituting this action.

■ Comparable statutory provisions for notice to a municipality as a prerequisite to the maintenance of an action against the municipality have often been considered in other jurisdictions. See generally, Annots.: 83 A.L.R.2d 1178 (1962); 65 A.L.R.2d

1278 (1959); 153 A.L.R. 329 (1944); 82 A.L.R. 749 (1933). Although there are authorities which treat such provisions as defensive issues to be raised by demurrer or answer, similar in nature to a statute of limitations, (See: Brandner v. City of Aberdeen, 78 S.D. 574, 105 N.W.2d 665 (1960); Lynch v. City of Terre Haute, 123 Ind.App. 282, 109 N.E.2d 437 (1952); City of South Norfolk v. Dail, 187 Va. 495, 47 S.E.2d 405 (1948)), I.C. § 50–2010 is couched in mandatory language requiring the filing of notice as a condition precedent to institution of an action, and it is generally incumbent upon a plaintiff seeking redress against a city of the second class to plead and prove substantial compliance with the statutory notice requirement. See: Halvorson v. City of Decorah, 138 N.W.2d 856 (Iowa, 1965); White v. Johnson, 272 Minn. 363, 137 N.W.2d 674 (1965); Paddock v. Town of Brookline, 347 Mass. 230, 197 N.E.2d 321 (1964); Thomas v. City of South Charleston, 148 W.Va. 577, 136 S.E.2d 788 (1964); Marino v. Town of East Haven, 120 Conn. 577, 192 A. 225, 103 A.L.R. 295 (Conn., 1935); Bigelow v. City of Los Angeles, 141 Cal. 503, 75 P. 111 (1904); MacLeod v. Town of Milford, 25 Conn.Sup. 70, 196 A.2d 604 (1963); Ghiozzi v. City of South San Francisco, 72 Cal.App.2d 472, 164 P.2d 902 (1946). See also: 18 McQuillin, Municipal Corporations (Rev.Ed.1963) § 53.154 and cases cited at note 21 p. 559; 38 Am.Jur. Municipal Corporations, §§ 673, 674. Cf. Dunn v. Boise City, 45 Idaho 362, 262 P. 507 (1927).

Research fails to disclose that I.C. § 50–2010 has ever been previously considered by this Court. However, in Dunn v. Boise City, supra, this court considered the provisions of C.S., Sec. 3847 (I.C. § 50–162), pertaining to the requirement of filing with the city clerk a claim for damages against a city of the first class. Therein it was held that such statutory provision making the filing of a claim against a city of the first class a condition precedent to an action against the city required only substantial

compliance with the provisions, the court stating, " * * * a substantial compliance is all that is required in 'specifying the time, place, character and cause of said damage.' (citations) The object of the statute must be kept in mind, and it should not be given a construction that will defeat the ends of justice." This court in Dunn v. Boise City, supra, in discussing the purpose of such statutory provision, quoted from Anderson v. City of Minneapolis, 138 Minn. 350, 165 N.W. 134, as follows:

> " 'The main purpose of the statute is not to require such a statement of the circumstances as to show an absolute liability but rather such information that the authorities may be able to make a full investigation of the cause of the injury and determine the city's liability therefor.' " 45 Idaho at 367, 262 P. at 509.

Such statutes are intended only "to afford a modicum of protection to the municipality in its defense of the tort action." Rhyne, Municipal Law (1957), § 30–32, p. 788. See also, Cox v. City of Pocatello, 77 Idaho 225, 291 P.2d 282.

Recognizing that the defendant city is correct in its contention that it was incumbent upon the plaintiff to plead and prove the filing of a claim against the city, it is our conclusion that the record does show the filing of such a claim. Plaintiff's original complaint set forth two separate causes of action. The first of these sought damages accruing from the alleged backing up of water onto her premises in the late summer of 1964. At the opening of the trial, defendant moved for dismissal of plaintiff's claims for relief. The trial court granted defendant's motion as to the first cause because of plaintiff's admitted failure to file any claim on the first cause with the city clerk as required by I.C. § 50–2010. The memorandum decision of the trial court considering the defendant's post verdict motion recites:

> "In the course of this [defendant's pretrial motion for dismissal] discussion,

defendant's counsel admitted such a claim had been filed on the second cause of action, stating 'We recognize that there was notice in regard to the second cause of action, which was rejected, but no claim to the city on the (first cause)' * * *."

Moreover, at the close of the plaintiff's case, defendant presented a motion, in effect a motion for directed verdict, and its counsel stated: "I concede that the plaintiff did not plead this [presentation of claim to the city]. However, it was within our knowledge, however, not within the jury's knowledge this claim was submitted to the city." On argument of this appeal, the defendant in effect admitted that a claim had been filed prior to institution of plaintiff's action.

It is settled law in this state that a formal admission made by an attorney at trial is binding on his client as a solemn judicial admission. Hill v. Bice, 65 Idaho 167, 139 P.2d 1010. See, Bell, Handbook of Evidence (1957), p. 159. It is well recognized that a judicial admission, applied to the judicial proceedings in which it is made, limits the issues upon which the cause is to be tried and obviates the necessity for proof of facts within the ambit of a distinct and unequivocal admission or stipulation so made. 31A C.J.S. Evidence § 299, p. 765, § 381e, p. 926; 29 Am.Jur.2d Evidence § 615, p. 668; 9 Wigmore, Evidence (3rd Ed. 1940), §§ 2588, 2590, pp. 586, 587.

Defendant city having, through its counsel, admitted the actual filing by plaintiff of her claim with the city in conformity with the mandate of I.C. § 50–2010, no issue of fact as to whether a claim had been filed remained for consideration; under the existing rules, plaintiff's pleadings are deemed amended to conform to such proof. I.R.C.P. 15(b). Defendant cannot be heard to complain of variance between the pleading and proof, absent a showing it was thereby misled to its prejudice. Frost v. Mead, 86 Idaho 155, 383 P.2d 834; Wurm v. Pulice, 82 Idaho 359,

353 P.2d 1071. It is our conclusion that defendant's contention respecting the failure to submit a claim to the city pursuant to the provisions of I.C. 50–2010 are without merit upon the record as presented here. While defendant infers that the claim as presented to the city may be defective in certain particulars, it never raised the issue by answer or otherwise as to validity of the claim, nor did it offer the claim in evidence for the court's consideration as to its validity.

Defendant also contends in support of its first assignment of error that the damages awarded of $2,236.18 are excessive, unsupported by the evidence and reflective that the award was made under the influence of passion and prejudice on the part of the jury. In support of this contention, defendant points to the general rule in case of tortious interference with an established business that damages for loss of anticipated earnings or profits must be shown with reasonable certainty, citing Belts v. State ex rel. Dept. of Highways, 86 Idaho 544, 388 P.2d 982; McOmber v. Nuckols, 82 Idaho 280, 353 P.2d 398; Coast Transport v. Stone, 79 Idaho 257, 313 P.2d 1073; Huggins v. Green Top Dairy Farms, 75 Idaho 436, 273 P.2d 399; McNichols v. J. R. Simplot Co., 74 Idaho 321, 262 P.2d 1012; Williams v. Bone, 74 Idaho 185, 259 P.2d 810. While we have no dispute with the general proposition for which the foregoing cases are cited, it is our conclusion that the testimony of the plaintiff, evincing the gross receipts of the business for comparable periods, the overhead expenses and estimated profit derived by computation therefrom as a percentage of gross receipts, all based upon her prior experience in the operation of the business, was sufficient to enable the jury to determine respondent's loss of profits for the period of inoperation with reasonable certainty. See: De Winer v. Nelson, 54 Idaho 560, 33 P.2d 356; cf. Boise Street Car Co. v. Van Avery, 61 Idaho 502, 103 P.2d 1107.

Nothing in the cases cited by the defendant for the general rule compels

a conclusion that any damages for business loss awarded here, were founded upon speculative or uncertain evidence. However, defendant also complains that the testimony of the plaintiff reveals that she kept books of account in the operation of her tavern-resort business, and yet she testified to receipts, overhead and profits from her own recollection instead of electing to introduce into evidence the books she prepared and kept. While the books of the business might constitute the best evidence of some of the figures testified to by the plaintiff, the defendant failed to interpose any objection to any part of her testimony on the grounds that it was secondary evidence. State v. Roe, 19 Idaho 416, 113 P. 461. Under such circumstances it cannot be said that the mere existence of books of account not admitted into evidence, renders otherwise adequately definite, specific and competent testimony *ipso facto* "speculative" or "uncertain." Compare: Coast Transport v. Stone, supra; Nelson v. Oversmith, 69 Idaho 1, 201 P.2d 747; O'Brien v. Best, 68 Idaho 348, 194 P.2d 608.

In its memorandum decision and order denying defendant's motion for judgment notwithstanding the verdict or for new trial, the trial court discussed the asserted grounds of excessive damages as follows:

"A general verdict was returned by the jury and the court has no way of knowing how much thereof may have been allocated to repair, how much to general damages or how much, if any, to loss of profits. The evidence does establish over $211.18 in repair parts and hired labor, not counting labor of plaintiff and her husband. There was also evidence of receipts of $794.00 by plaintiff during the first two weeks of December, 1964 and testimony that the Christmas and New Year holiday season was an exceptionally good period and that plaintiff's net profit was 30% of her gross. From these the jury could find that the last two weeks of December would have been as good as the first two and fixed loss of profits at $576.40 [sic] or more. If these are deducted from the verdict, approximately $1448.60 in general damages remain."

The foregoing analysis by the trial court finds ample support in the record, and from the record it may be fairly concluded that the trial court determined the jury could reasonably have found the action by the defendant city caused the plaintiff such additional inconvenience, annoyance and discomfort as to justify the award of general damages.

■ This court is firmly committed to countenance a wide discretion vested in the trial court to grant or refuse a new trial on the ground of an excessive verdict, and the exercise of such discretion will not be disturbed on appeal unless it manifestly appears to have been abused. Blaine v. Byers, 91 Idaho 665, 429 P.2d 397; See: Gonzales v. Hodson, 91 Idaho 330, 420 P.2d 813; Hubble v. Record, 80 Idaho 403, 331 P.2d 270; Davis v. Rogers, 72 Idaho 33, 236 P.2d 1006; Coast Transport v. Stone, supra, 79 Idaho at 261, 313 P.2d at 1076, quoting from Sanchotena v. Tower Co., 74 Idaho 541, 548, 264 P.2d 1021, 1025, as follows:

"The probative force and effect of the evidence is ultimately for the determination of the trial court upon the hearing of a motion for a new trial; * * *."

■ The duty of the trial court on a motion for new trial and the supervisory powers of this court have recently been correlated, analyzed and extensively annotated in Blaine v. Byers, supra, and further recapitulation here is unnecessary. The verdict is not excessive as a matter of law, not so magnanimous as to compel a conclusion that it was tainted by passion or prejudice on the part of the jury such as would require an order of remittitur or new trial by this court.

Defendant's second assignment of error pertains to the giving of instruction No. 16 concerning punitive damages, defendant contending there was no evidence in the record justifying the giving of such an instruction and that the giving of an

instruction on punitive damages in an action against a municipality is contrary to law.

There is no necessity of passing on defendant's substantive contentions in regard to this assignment of error because the jury's verdict made no award for punitive damages, and the award of compensatory damages was not so excessive that it can be said as a matter of law that the .compensatory damages were awarded under the influence of passion and prejudice.

■ Even if it were to be held that the giving of such an instruction was erroneous, under the circumstances of this case where the jury refused to award any punitive damages, there would have been no prejudicial error. I.R.C.P. 61. Cf. Morford v. Brown, 85 Idaho 480, 381 P.2d 45 (alleged error in refusal to admit mortality tables in evidence where jury found no negligence) ; Lindsay v. Oregon, etc., R.R. Co., 13 Idaho 477, 485, 90 P. 984, 12 L.R.A.,N.S., 184. There was no reversible error in the giving of such instruction on punitive damages.

■ The defendant discusses two propositions in its brief and presented them in its argument to the court, i. e., the city was faced with an emergency which was sufficient to absolve it from liability, and that the damages claimed were not reasonably foreseeable. The propositions presented were not in conformity with the requirements of Rule 41 Subd. 2 of this court, which states:

"Assignments of Error. Appellant's brief shall contain a distinct enumeration of the assignments of error."

See: Brahs v. Warren, 90 Idaho 305, 410 P.2d 433; Jordan v. Jordan, 87 Idaho 432, 394 P.2d 163; Garren v. Rollis, 85 Idaho 86, 375 P.2d 994. Under such circumstances they will not be discussed in this opinion, other than to point out that they have been scrutinized and under the facts presented by the record are considered to be without merit.

Judgment affirmed. Costs to plaintiff.

SMITH and SPEAR, JJ., and DONALDSON, D. J., concur.

McQUADE, Justice.

I concur in the result.

Under I.C. § 50–2010, an action for damages against a city of the second class is barred unless a claim has been filed with the city clerk within six months after the claim's accrual. As the majority states, this statutory section has never been considered by this Court.

In the present action, concerning whether a claim meeting whatever standards are prescribed by I.C. § 50–2010 was filed by respondent with appellant's clerk, the majority holds only that appellant is precluded from raising that issue on this appeal. The majority opinion, nevertheless, addresses I.C. § 50–2010 on first impression, and discusses at length its requirements.

In determining the requirements of I.C. § 50–2010, the majority examines I.C. § 50–162, the terms of which differ from I.C. § 50–2010 only in that I.C. § 50–162 concerns cities of the first class and has a limit for claim-filing of thirty days.[1] However, although I.C. § 50–162 has been considered several times, on no occasion has this Court directly upheld its validity. Each case in which I.C. § 50–162 has been discussed necessarily avoided that question by determining that whatever claim had been there presented was sufficient. Thus, failure to comply with I.C. § 50–162 has never caused dismissal of an action. See Dunn v. City of Boise, 45 Idaho 362, 262 P. 507 (1927); Yearsley v. City of Pocatello, 69 Idaho 500, 210 P.2d 795 (1949); 71 Idaho 347, 231 P.2d 743 (1951); Cox v. City of Pocatello, 77 Idaho 225, 291 P.2d 282 (1955).

1. I.C. §§ 50–2010 and 50–162 have been superseded by Idaho Sess.Laws 1967, H.B.No. 3, § 12 (to be contained in bound volume at Ch. 429), which provides a.60-day limit for presentation of a claim against a city after the claim has accrued.

I recognize that many jurisdictions have statutes similar to I.C. §§ 50–2010 and 50–162. See generally 17 McQuillin, Municipal Corporations, §§ 49.12 and 49.13 (3d ed. 1950). Nevertheless, such statutes in effect prescribe limitations and of course must meet with due process requirements.

The majority opinion needlessly discusses the standards of I.C. § 50–2010, for that issue is not now before this Court. Although the majority in the present action cannot make a binding decision regarding the validity of I.C. § 50–2010, the majority opinion might convey the mistaken impression thaat the majority has adjudged I.C. § 50–2010 to be valid. I therefore find it necessary to concur specially and point out the majority's limited holding: that appellant is precluded from arguing respondent did not meet whatever might be the valid requirements of I.C. § 50–2010.